| 12L | 383 |
| 45 | 480 |
| 45 | 483 |

## LEEDS vs. YEATMAN ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The surety in an injunction bond, is competent to be surety in the appeal bond in the same suit, unless he has been condemned by the judgment appealed from, as a party under the act of 1831.

The firm of Yeatman, Woods & Co. obtained an order of seizure and sale of sundry slaves and property of Jedediah Leeds, and the sheriff was proceeding to sell it.

Leeds made opposition to the order, and obtained an injunction to stay the sale with T. R. Hyde, Esq., as his surety in the injunction bond.

A rule was taken on the plaintiffs in injunction, to show cause why it should not be dissolved.

On hearing the rule, the parish judge dissolved the injunction at the costs of the plaintiff therein. The plaintiff took a suspensive appeal, and gave as his surety in the appeal bond, T. R. Hyde, Esq., his surety in the injunction bond.

EASTERN DIST.    *Chinn*, for the appellees, moved to dismiss the appeal, on
June, 1838.    the ground that the appeal bond is insufficient, because it

VARION    affords to Yeatman, Woods & Co. no security for their
*vs.*    judgment, inasmuch as T. R. Hyde is named as the surety
BELL.    in the appeal bond, who is also the surety in the injunction.

*Lockett, contra.*

*Bullard, J.,* delivered the opinion of the court.

The appellee has moved to dismiss the appeal, on the
ground that no security has been given, and he contends,
that a bond, signed as surety by the same person who was
already surety on the injunction bond, offers no new security
to him.

The surety in    We are of opinion, that the conditions of the two bonds
an injunction
bond, is compe-    being different, the original one being only for damages
tent to be surety
in the appeal    consequent on the wrongful suing out of the injunction, and
bond in the same    the last, that the surety will pay the judgment to be rendered
suit, unless he
has been con-    on the appeal, the same person may well sign both, if
demned by the
judgment ap-    otherwise unexceptionable ; unless he has been, by the judg-
pealed from, as    ment appealed from, condemned as a party, under the act
a party, under
the act of 1831.    of 1831.

The rule is therefore, discharged.