## MEINRAD GREINER *v.* J. C. PRENDERGAST.

The surety in an injunction bond may be surety for his principal, on an appeal by the latter from a judgment dissolving the injunction, and condemning principal and surety, *in solido*, to the payment of damages and costs.

No appellant but the State, is exempt from the law requiring surety on granting an appeal, whether devolutive or suspensive.

THE plaintiff commenced an action before the District Court of the First District, to annul a judgment which had been obtained against him by the defendant, for $271 50 with interest, and $38 34 costs, claiming one thousand dollars as damages. A supplemental petition was filed, in which it was alleged that the defendant had, since the filing of the original petition, taken out an execution on the judgment obtained by him, and was proceeding to enforce the same. An injunction was accordingly prayed for, and granted on the execution of a bond, with Benjamin Levy as security, for the payment of all such damages as might be awarded to the plaintiff, in case it should be decided that the injunction was wrongfully obtained. On a rule against the plaintiff to show cause why the injunction should not be dissolved, and himself and his security condemned to pay the debt with interest and damages, the injunction was dissolved, and the plaintiff and Levy, his security, were condemned to pay *in solido* twenty-seven dollars as damages, with interest at ten per cent on the amount of the judgment, and the costs. From this judgment the plaintiff prayed for a suspensive appeal, which was allowed on his executing a bond

Greiner v. Prendergast.

with Levy as security, and the record was filed in the Supreme Court.

Greiner subsequently presented a petition to the latter tribunal, in which he alleged that the judge of the District Court had ordered the appeal to be set aside ; and on his motion, a rule was taken on the judge, to show cause why a writ of prohibition should not be issued, " commanding him to rescind the order setting aside the appeal, and to suspend the execution of the judgment dissolving the injunction, and to grant a suspensive appeal according to law." *Buchanan*, Judge of the District Court of the First District, in answer to the rule, showed, that the appeal had been taken from a judgment of his court dissolving an injunction sued out by Greiner, and condemning the latter, and Levy, his surety, *in solido*, to the payment of damages, &c., as above mentioned, from which Greiner alone had appealed, giving Levy as his surety on the appeal bond. That it had been contended, on a rule to rescind the order allowing the appeal, that the bond, with Levy as surety, did not give such additional security to the plaintiff as is required by art. 575 of the Code of Practice. That if Greiner could give Levy as his surety, Levy might, in case he should appeal, give Greiner; and that by this means both parties might appeal, without furnishing to the plaintiff any additional security. As to the right of the District Court to take cognizance of the question relative to the security on the appeal, the judge cited the case of *The State* v. *Buchanan*, 13 La. 574.

MARTIN, J. The defendant read his affidavit showing that he had obtained an injunction to stay the execution of a writ of *fieri facias* which had been issued against him ; that the injunction had been dissolved ; that he had prayed for and obtained an appeal from the judgment dissolving the injunction, and had in due time filed the transcript of the record in this court ; and that, afterwards, the judge *a quo* set aside the said appeal.

On this he moved for a writ of prohibition inhibiting the judge from issuing any execution on the said judgment, and commanding him to rescind the order suspending the appeal, and to grant a suspensive one according to law.

To a rule to show cause the judge of the First District answered, that the defendant had alone appealed from the judgment

of dissolution by which damages were given against him and his surety in the injunction bond, and that he had given the latter as his surety for the appeal. The solvency of the co-obligor of the defendant, as surety for the injunction and for the appeal, was not questioned ; but it was urged that if the defendant could obtain an appeal on giving his co-obligor in the injunction bond as his surety in the appeal bond, that his co-obligor, if he chose to appeal, might give the defendant as his surety ; so that both might appeal without giving to the plaintiff any greater security than he had before the appeal was asked, which would be contrary to the provision of the Code of Practice, art. 575.

The judge in our opinion erred. The defendant had a right to a suspensive appeal, provided he offered such surety as would indemnify his adversary against all the consequences which might result from the appeal, as in the case of an increase of the sum recovered, if the appellee should obtain such an increase in this court. It is true that if both the principal and surety, against whom damages had been given on the dissolution of an injunction, had joined in an appeal, they would have been bound to give one solvent surety, although they were both admitted to be sufficiently solvent to remove all idea of danger on that score ; the reason would be that the law expressly requires surety on the grant of any appeal, devolutive or suspensive. From giving the surety, no appellant, but the State, can be dispensed, though he should show that he possessed in the parish land and slaves, bound by the judgment, of a hundred fold its amount. The transcript being already in this court, we see no reason to take notice of any part of the defendant's application, except that which relates to the prohibition of all proceedings in the District Court on his judgment. Let such a writ of prohibition be issued.

A prohibition was accordingly issued ordering the judge to abstain from all further proceedings in the case, to rescind the order setting aside the appeal, to suspend the execution of the judgment dissolving the injunction, and to grant a suspensive appeal.

Greiner subsequently presented a second petition to the Supreme Court, in which, after reciting his former application and the order

granting the prohibition, he alleged that, previously thereto, an execution had been issued against Levy and Cook, as garnishees under a *fi. fa.* obtained against him in the case of Prendergast against Greiner ; that the injunction which he had obtained in the court below, which was afterwards dissolved by that court, and from which judgment of dissolution he had, by means of the prohibition previously granted him, obtained the suspensive appeal now pending, had been granted for the purpose of enjoining all further proceedings under the seizure of the petitioner's property in the hands of the garnishees ; that, notwithstanding the premises, the judge of the District Court had, in violation of the writ of prohibition directed to him, refused to order the sheriff of his court to suspend his proceedings under the execution against the garnishees ; and that the sheriff was about proceeding to execute the same. He prayed that an order might be directed to the judge below, to show cause why he should not direct the sheriff of his court to suspend the execution of the *fi. fa.* against Levy and Cook, and why a direct order should not be issued to the sheriff himself to take no further action in the premises. A second writ of prohibition was ordered to be issued, directed to the sheriff of the court below, in conformity with the prayer of the petition.

*M. M. Robinson,* for the defendant Prendergast, moved for a rule on the appellant to show cause why the writs of prohibition issued in this case, should not be set aside, on the grounds : 1. That they were issued *ex parte,* and without notice of the application having been given to the party principally interested in the judgment and execution, in regard to which all proceedings had been prohibited.* 2. That the court had no jurisdiction of the case, the action having been instituted for a sum under $300.

*Motion overruled.*

---

* This case led to the adoption of the rule declaring that the court would thereafter " listen to no motion for a prohibition, without previous reasonable notice of such motion to the opposite party, or his counsel." See Rule at the commencement of this volume.