## GREINER v. PRENDERGAST.

An attachment will not lie in an action for damages ex delicto.

APPEAL from the First District Court of New Orleans, McHenry, J. Greiner, pro se. Durel, on the same side. Robinson, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. This action is for damages alleged to have been sustained by the plaintiff, in consequence of the sale of plaintiff's property seized under a fi. fa., which it is averred was wrongfully issued, pending an appeal, on a judgment obtained by Prendergast against Greiner, the present plaintiff. The defendant pleaded the general issue, and prescription.

That the *fieri facias* was illegally taken out results from the decision of the **GREINER** *v.* **PRENDERGAST.** Supreme Court in *Greiner* v. *Prendergast*, 2 Rob. 235. Nor was the issuing of the execution, under which the sale was made, expressly authorized by an order of the District Court.

The plea of prescription was properly disregarded by the court below. The defendant was absent from the State. Although there was a debt due to *Prendergast* by *Greiner* which might have been attached for an ordinary indebtedness, and even if it be conceded that the existence of attachable property within the State would form an exception to the rule *Contra non valentem*, &c., yet the exception would not apply in the present case. *Greiner's* claim is for damages *ex delicto*. An attachment will not lie in such a case. *Prewitt* v. *Carmichael*, 2 Ann. R. p. 943.

We think the injury sustained was less than was assessed by the court below; and that, under the evidence, an allowance of $360 would be ample.

Judgment reversed, and judgment for plaintiff for $360, and costs in the court below; those of this appeal to be paid by the plaintiff.