On Motion to Dismiss.
Manning, C. J.
The appellees move to dismiss on the grounds, that there is not a legal bond of appeal — that the surety on the injunc *1022 tion bond is incompetent as a surety on the appeal bond, having been condemned as a party to pay damages — and that the order for one of the appeals is void, because rendered after the jurisdiction of this court had attached.
The plaintiff had obtained an injunction upon a bond with surety, conditioned in the usual form. The injunction was dissolved, and judgment was rendered for fifty dollars as damages against the plaintiff and her surety in solido. She moved for a suspensive appeal in open court, and perfected it by giving bond with the same person as surety. In the following month, the surety prayed an appeal by petition, and gave-another person as her surety.
In an early case it was held, that the conditions of the two bonds-being different, the original one being only for damages consequent on a wrongful suing out of the injunction, and the last, that the surety will' pay the judgment to be rendered on the appeal, the same person may well sign both, if otherwise unexceptionable, unless he has been condemned as a party by the judgment appealed from under the act of 1831. Leeds v. Yeatman, 12 La. 383. That act is now incorporated in the Revised Statutes of 1870 as sec. 1754. The defendants insist that the solidary condemnation of the plaintiff and her surety on the injunction bond to pay the damages, as provided by the act of 1831, places this case pointedly within the exception mentioned in that decision.
The plaintiff cites Greiner v. Prendergrast, 2 Rob. 235 as conclusive-authority for the contrary doctrine. In that ease, upon a dissolution of the injunction, the plaintiff and his surety were condemned in solido to pay twenty-seven dollars as damages, with ten per centum interest-on the amount of the injoined judgment. The plaintiff prayed a suspensive appeal, and gave bond with the same surety. The same objection was made then as now, and the court held that a party had a right to a suspensive appeal, provided he offered such surety as would indemnify, his adversary against all consequences which might result from the appeal. It is true, say the court, that if both the principal and surety, against whom damages had been given on the dissolution of the injunction, had joined in an appeal, they would have been bound to give one solvent surety, although they were both admitted to be- sufficiently solvent to remove all idea of danger on that score. The reason would be that the law expressly requires surety on the grant of any appeal.
It will be-observed that case is identical with the present one, and the two Justices who were the organs of the Court in the two cases-cited were both on the Bench together when each of them was decided. The last must then be considered as overruling the first, if indeed it is-not reconcilable with it. The expression, unless the surety has been *1023 condemned as a party, may be understood as another way of stating the-reason of the rule why he could not then be taken as a surety, viz that-he would then be a principal and must himself furnish a surety.
But since those decisions were made, important and radical alterations have been made in the laws governing appeals. Now, when an-appeal has been taken by motion in open court, all parties who are not appellants are declared appellees, and the bond in favor of the clerk is-for the benefit of each and every one of the appellees, and may be sued on accordingly.
When the plaintiff took her appeal in open court, and filed her "bond, the surety, who had been condemned with her solidarily for damages, became eo instanti a party to the appeal, as appellee. When that surety then became again a surety on the appeal bond, he occupied the--double and inconsistent positions of an appellee, whose interest was a. maintenance of the judgment, and a security to pay the judgment on appeal, in case the appellant did not pay.
Under these changes in the laws governing appeals, and because-of them, we hold that in all cases where a party is necessarily appelleeif he be not appellant, the surety on an injunction bond is incompetent to be a surety on a bond for an appeal from the judgment dissolving the injunction, and for damages against principal and surety in solido. And it was so held by us at the last term. Dumas v. Mary, Opinion Book, 47 p. 265. The appeal of the plaintiff is therefore dismissed.
But that of the surety is good. That appeal was taken by petition, ' and a separate security given. The filing a bond of appeal by one of' the parties condemned in the judgment below lodged only her appeal in’ this court, and did not prevent the other from taking an appeal at a different time within the permitted delay.
The motion to dismiss the appeal of plaintiff is allowed. The-motion to dismiss the appeal of the surety is denied.