The opinion of the court was delivered by
Manning, C. J.
Oliver Dubois obtained a judgment in 1865 against William Mish. In 1868, Mish’s heir brought suit to annul that judgment, and injoined its execution, giving bond for five thousand dollars, with Denis Cronan as one of the sureties thereto, and judgment of nullity was rendered in the lower court. On appeal to this court, that judgment was reversed, and the injunction was dissolved with ten per centum damages. The amount of the original judgment, principal and interest, was 822,499.00.
The plaintiffs are Dubois’ heirs. The defendants are Cronan’s widow in community and his daughter and sole heir. The object of this suit is to recover of the defendants two thousand two hundred and *248 forty-nine 90-100 dollars, being ten per centum of the injoined judgment, which the widow and heir of Cronan are liable for, as is alleged, because ■of his suretyship to the injunction bond.
The decree of this court, rendered in the case above mentioned, is in these words ; ,
It is therefore ordered and adjudged that the judgment of the district court be avoided and annulled, and that there be judgment in favour of the defendants, rejecting the plaintiffs’ demand, and dissolving the injunction with ten per centum on the amount of the judgment as general damages.
There is no judgment here in express words condemning the surety to pay damages, and the defendants insist that since he is not included in the decree, he cannot be held condemned by implication, and is therefore not liable in the present action. The mistake is, in supposing that this suit is based on that decree. The suit is on the injunction bond, and the omission to include him in that decree necessitated the present supplemental suit. Otherwise, if he had been condemned to pay damages by that decree along with the principal, execution could have issued against him upon it. The defendants’ counsel inform us (Eor there is no appearance in this case for the plaintiffs) that it was urged in the lower court on behalf of the plaintiffs, that the decree is to all intents and purposes a judgment against the surety, inasmuch as the law declares that on the trial of an injunction, the surety shall be considered a party plaintiff in the suit, and in case the injunction be dissolved, the court in the same judgment shall condemn the plaintiff and the surety, jointly and severally,, to pay the defendant interest and damages. But the court did not comply with this mandate. If it had, this suit would have been unnecessary. That the principal in an injunction bond is sometimes condemned in damages, and the surety not, is apparent from the rule that in the latter case he may be also surety on the appeal bond, Leeds v. Yeatman, 12 La. 383, and from the fact that when not expressly condemned in the lower court, its judgment may be amended in this court so as to include him. Mora v. Avery, 22 Annual, 417.
Prescription is pleaded. The injunction bond is dated October 20, 1868. The citation in this suit was served December 20, 187B. Ten years had not elapsed. The defendants however seek to apply it in another way. The original judgment was rendered June 17, 1865, and never having been revived, was prescribed on the same day of 1875, six months before citation of the present action. We cannot perceive how the extinction of the original judgment by prescription affects the judgment in the injunction case, wherein the bond was given, and its date we have seen was in 1868.
By the statement of facts, signed by the counsel of all parties, we *249 find that the injoined judgment had been reduced to $6,971.68 principal, before the rendition of the decree by this court, and that a further payment of $1,897.20 was made afterwards, so that the balance due was ^$11,488.34, principal and interest. The plaintiffs are entitled to judgment for ten per centum of that sum. Therefore
It is ordered and decreed that the judgment of the lower court is amended by reducing the sum named therein to eleven hundred and forty-eight dollars and eighty-three cents, and that the plaintiffs pay costs of appeal.