## No. 11,198.

### C. M. BARROW ET AL. vs. J. H. CLACK.

1. A necessary party to an appeal, either as appellee or appellant is not competent to sign an appeal bond as surety.

2. Once an appeal bond has been filed the jurisdiction of the lower court ceases and that of this court attaches, and the former is without jurisdiction or authority to permit a supplemental bond to be filed.

APPEAL from the Thirteenth District Court, Parish of West Feliciana. *Brame, J.*

---

*Samuel J. Powell* and *Cross & Cross* for Plaintiffs and Appellants:

1. Defendant can take nothing by his motion because it is too vague. The court can not notice any grounds beyond those clearly and distinctly stated. 1 An.

414; 29 An. 829; 36 An. 516; 37 An. 701. We can only guess what may be his objections to the bond.

2. The judge below must of necessity pass on the solvency and sufficiency of the surety. 17 L. 433; 4 An. 236; 10 An. 318, 485; 14 An. 61; 29 An. 597; 34 An. 21, 93; 35 An. 524. This court can not take judicial cognizance of the parties to the bond, nor fix their identity. Moreover, Act 45 of 1890 specifically fixes this method of objecting to the surety.

3. The bond is sufficient. If the sureties are the same as those who signed the petition, they are merely nominal parties; and they are not necessary parties to the appeal. 2 R. 235; 14 An. 61; 22 An. 262; 27 An. 234 248; 32 An. 718; 39 An. 1097.

4. An appeal will be dismissed only where appellee shows himself clearly entitled to that relief. In cases of doubt, the interpretation will be liberal in favor of appellant. 11 L. 380; 1 An. 414; 2 An. 387; 4 An. 534; 10 An. 236; 19 An. 81.

*Montgomery & Lawrason* and *N. W. Leake* for Defendant and Appellee.

## ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J. The defendant and appellee moves to dismiss the appeal, on the ground that the plaintiff and appellant, C. M. Barrow, has not furnished a legal bond of appeal, for the reason that A. Teutsch and Wm. Hartson are his co-plaintiffs in this suit, against whom the judgment appealed from was rendered for costs, and, also, appellees in this court, and incompetent as sureties thereon.

The two persons who are designated as sureties on the plaintiff's appeal bond are joined in the petition as plaintiffs, the opening averment of which is that "the petition of Charles M. Barrow * * * and of Wm. Hartson and A. Teutsch * * * citizens of said parish, respectfully represent;" and the concluding averment is that "wherefore *they contest the election* of said Clack, defendant, and ask for citation on him." And their prayer is for "judgment declaring that said Charles M. Barrow was lawfully elected sheriff of said parish at said general election, and that commission issue as such to him, and that said John H. Clack pay all costs," etc.—the signatures of the parties named, and those of many others being appended thereto.

The judgment appealed from runs in favor of the defendant, declaring him legally elected sheriff, and adjudging *plaintiffs*, collectively, to pay the costs of suit.

From that judgment Barrow alone appeals, but, under the law,

the parties named as plaintiffs who did not join in the appeal become appellees, or in other words parties to the appeal, and for that reason they are absolutely incompetent to sign Barrow's appeal bond as sureties.

In Leeds vs. Yeatman, 12 La. 383, it was held that the surety on an injunction bond was a competent surety on an appeal bond, " unless he has been, by the judgment appealed from, *condemned as a party*," etc.

In Wood vs. Harrell, 14 An. 61, it was held that nothing prevented a warrantor, against whom no judgment had been rendered, from becoming a surety on the defendant's appeal bond.

In Funch vs. Davidson, 32 An. 718, it was held that a surety on a bond given for the release of property from seizure under an attachment is competent to become surety on an appeal bond.

The theory of those cases seems to be that *being a party to the original suit and condemned by the judgment therein rendered* is the cause of the surety's incompetency.

But in Grenier vs. Pendergrast, 2 R. 235, the proposition is differently stated to be that " it is true that if both the principal and surety, against whom damages had been given on the dissolution of an injunction, *had joined in the appeal,* they would have been bound to give one solvent surety, although they were both admitted to be sufficiently solvent to remove all idea of danger on that score; the reason would be that the law expressly requires surety on the grant of any appeal"—the theory appearing to be that the test of the surety's competency is that he is or not an *appellant.*

This ruling was followed in State ex rel. Wilson vs. Judge, 22 An. 262, in State ex rel. Coleman vs. Judge, 27 An. 234; but in Bowman vs. Kaufman, 30 An. 1021, the foregoing cases were reviewed and the same were held to be inapplicable since the enactment of the statute requiring appeal bonds to be made payable to the clerk of the court—constituting, as it does, all parties appellees who are not appellants.

The statement of the court on the subject being that " since those decisions were made, important and radical alterations have been made in the law governing appeals. Now, when an appeal has been taken by motion in open court, all parties who are not appellants are declared [to be] appellees, and the bond in favor of the clerk is for the benefit of each and every one of the appellees, and may be sued on accordingly.

"When the plaintiff took her appeal in open court and filed her bond, the surety, who had been condemned with her solidarily for damages, became *eo instanti a party to the appeal* as appellee. *When that surety then became again surety on the appeal bond, he occupied the double and inconsistent positions of an appellee, whose interest was a maintenance of the judgment, and a surety to pay the judgment on appeal in case the appellant did not pay.*

"Under these changes in the law governing appeals, and because of them, we hold that in all cases where a party is necessarily appellee, if he is not appellant, the surety on an injunction bond is incompetent to be a surety on a bond for an appeal from the judgment dissolving the injunction and for damages against principal and surety *in solido*. And it was so held by us at the last term. Dumas vs. Mary, 29 An. 809."

And in the case of Bauer vs. Locht & Cordez, 30 An. 685, the two foregoing decisions were quoted approvingly "on the ground that the surety on an injunction bond *being a necessary party, either as appellant or appellee, could not be surety on the appeal bond.*"

There has since been neither statutory change in the law applicable to appeals or in the decisions of the court governing them, and we may therefore accept the cases quoted as having definitely settled the question that a necessary party, either appellee or appellant, is not competent to sign an appeal bond as surety; and upon this theory the sureties on the appeal bond of C. M. Barrow, appellant, are incompetent, the bond illegal and the appeal must be dismissed.

It is true that the plaintiff subsequently filed another appeal bond, on the 10th day of October, long after the term of court whereat the judgment appealed from had been rendered and signed, to-wit: on the 28th day of July, 1892; but it is the settled jurisprudence of this court that its jurisdiction attaches as soon as the appeal bond is filed, and thereafter the lower court has no authority to take any steps except to transmit the record. Fink vs. Martin, 10 R. 147; Cary vs. Richardson, 32 An. 1170.

Consequently this second bond is altogether unavailing to save the appeal, notwithstanding it is undeniably a judicial confession of the incompetency of the sureties tendered on the first one—those on the second being different.

The motion is therefore maintained and the appeal dismissed.

31*

ON APPLICATION FOR REHEARING.

WATKINS, J.    Counsel for appellants insist that as it was decided in Pasley vs. McConnell, 39 An. 1097—only inferentially, however—that a security on the bond of appeal is not disqualified by reason of his being a surety for the costs of suit, therefore a surety who has been *adjudged* solidarily with a party to the suit to pay the costs is not disqualified from becoming a surety on the appeal bond of his co-judgment-debtor.

That is a *non sequiter;* the principle on which the cases controlling our opinion proceeds, being that the surety *adjudged* to pay costs becomes an appellee, if not, an appellant, and, therefore, when he again becomes surety on an appeal bond he occupies, necessarily, the double and inconsistent positions of an appellee whose interest is to maintain the judgment and a surety who is condemned to pay the judgment; but a mere surety for the costs of a pending suit is only conventually bonded and liable to be sued *in the future*, and is not in any sense a party to the judgment or appeal.

Counsel further complain that in 4 R. 259 it was expressly held that after an insufficient bond for a suspensive appeal was executed, the lower court has jurisdiction to grant a devolutive appeal, and that in Glover vs. Taylor, 38 An. 634, the court say: "It was submitted to and filed by the clerk in time, as same was done prior to the return day fixed in the order of appeal."

There is no question of the correctness of that ruling, but it does not militate against the force of the views expressed in our opinion, because the record discloses that there was but one order of appeal granted, and it was in open court, and it only grants "an appeal" in general terms without specifying either a suspensive or devolutive appeal or fixing any amount of bond for either.

The bond first filed is couched in such general terms that we are not able to say whether it is intended to be a suspensive or devolutive bond, the controlling recital being that "whereas the above bounden Charles M. Barrow has obtained an order of appeal from a final judgment," etc.

The bond last filed is an exact duplicate of the first one, *mutatis mutandi*.

Had the first bond been a defective suspensive appeal bond, and the second a correct and formal devolutive appeal bond, prepared in conformity to an order of appeal granting both a suspensive and de-

volutive appeal, the ruling in Glover vs. Taylor would have been applicable and the appeal maintained.

Additional objection is urged to the effect that we erroneously entertained appellee's motion to dismiss for the reason that the *competency* of a surety on an appeal bond is matter of original jurisdiction for the District Court to determine, and which must be first passed upon by it, otherwise it can not be entertained and decided by this court.

The most effectual answer to that proposition is that in each of the following cases the question of the *legal competency* of a surety upon an appeal bond arose in this court on a motion to dismiss an appeal, and of which this court had complete and exclusive jurisdiction. Leeds vs. Yeatman, 12 La. 383; Bowman vs. Kaufman, 30 An. 1021; Bauer vs. Locht & Cordez, 30 An. 685.

And it is upon those decisions that our opinion is based, thus making it apparent that the question thus raised and decided was founded on the pleadings and judgment in the record, and which exclusively appertains to the appeal and constitutes it one of law for the determination of this court.

Counsel have cited us quite a number of decisions which he insists are conclusively in their favor and support the proposition they announced. We have examined them all with the following result:

In Edwards vs. Edwards, 29 An. 597, the question was the *insufficiency* of the surety, and the court said:

" As to the *sufficiency* of the surety on the appeal bond, this court can not notice the objection, because it has appellate jurisdiction only. No objection to the *sufficiency* of the surety on the appeal bond was made or tried in the court below."

The same rule was maintained in each of the following cases: Surget vs. Stanton, 10 An. 318; Littleton vs. Pratt, 10 An. 487; Tanner vs. King, 10 An. 485; Wood vs. Harrell, 14 An. 61; Francis vs. Lavine, 26 An. 311; Lafon's Exe'rs vs. Lafon, 2 N. S. 571; State vs. Judge, 2 R. 449; State vs. Judge, 17 La. 433; State ex rel. Gill vs. Judge, 34 An. 91; Baker vs. Schultz, 35 An. 524.

In those cases the court employed different modes of expression, such as "the *sufficiency* of the surety," "the *sufficiency* of the *security* " and the like, clearly indicating that a question of *fact* was involved which necessitated the administration of proof, and, therefore, one for the court of first instance, and not one of law for the

decision of the Supreme Court. In the case of Charmbury's succession, 34 An. 21, the dismissal of the appeal was refused mainly for the reason that "the motion was not filed within three days" of the filing of the transcript; consequently the remainder of the opinion is not controlling.

Upon reason and authority we are of opinion that this court has complete jurisdiction to determine the *legal capacity* of a surety on an appeal bond, in any case where the record before us furnishes all the facts that are requisite for decision, and no necessity exists for the administration of further proof, and such is the jurisprudence on the question.

Rehearing refused.