(49 South. 1013.)

No. 17,645.

DUREL v. MURPHY.

(June 7, 1909. Rehearing Denied June 23, 1909.)

1. ORDER OF APPEAL GRANTED.
    An order was granted—whether suspensive or devolutive was not stated in the order of appeal.

2. AMOUNT OF BOND FIXED.
    The courts of first instance fixed the amount of the bond.

3. AMOUNT FIXED WITHOUT REGARD TO KIND OF APPEAL.
    The amount was fixed without special regard to either appeal, whether suspensive or devolutive; the bond was furnished for an appeal.

4. NO OBJECTION MADE.
    The plaintiff and appellant raised no objection.

5. APPEAL AND ERROR (§ 395*)—DISMISSAL—GROUNDS—INSUFFICIENCY OF BOND.
    On appellee's motion in the district court, the bond was declared insufficient and the appeal dismissed, without reserving to plaintiff and appellant the right within specified time to furnish another bond.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 395.*]

6. ANOTHER BOND GIVEN.
    The appellant furnished another surety without obtaining another order of appeal, and without the least notice to the court by whom the appeal had been dismissed.

7. ORDER OF APPEAL ESSENTIAL.
    The second bond, having been given without an order of appeal, is not a legal bond.
    (Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Peter Durel against James C. Murphy. Judgment for defendant, and plaintiff appeals, and defendant moves to dismiss the appeal. Appeal dismissed.

Benjamin Rice Forman, for appellant. Louis Randolph Hoover, for appellee.

On Motion to Dismiss.

BREAUX, C. J. Defendant and appellee moved to dismiss this appeal.

It is a case of too much attempt at furnishing bond.

Two bonds were filed, each for $200, at successive dates. One of these bonds was filed within 10 days after judgment had been rendered, and the other, some time afterward.

Regarding the first bond: The appellee

moved in the district court to dismiss the appeal on the ground that the surety was insolvent.

After having heard evidence, the judge of the district court dismissed the appeal.

The order of appeal which was granted to plaintiff did not state whether it was a suspensive or a devolutive appeal. It only states that an appeal was granted.

The judgment dismissing the appeal on the ground that the surety on the first bond was not solvent did not reserve to the plaintiff the right to furnish another bond.

Plaintiff, none the less, accepted the situation. He did not ask for time within which to furnish the bond, nor did he take an appeal from the order of dismissal. He furnished another bond, and thereby sought to reinstate the appeal.

That bond was furnished under the original order of appeal which had been dismissed.

Not only the bond was declared insufficient, but the appeal itself was expressly dismissed. The defendant chose to let that pass without objection, and furnished the second bond, as before stated.

Some time after having furnished this bond, the appellant sought a writ of prohibition from this court to prohibit the district court from enforcing the order of dismissal of the appeal, and to reinstate the order of appeal as having been erroneously dismissed.

This court did not issue a rule nisi. It dismissed applicant's petition.

That writ is, therefore, not before us for decision, and we are not now concerned with the grounds upon which this court declined to issue the writ.

Returning to the question of the dismissal of the appeal, we will state that the district court has jurisdiction to inquire into the solvency of the surety and to dismiss the appeal in case the surety is insufficient as relates to responsibility to respond for the amount of the bond.

The second bond was merely filed by the clerk, and upon that bond thus filed the appellant is before us on appeal.

Appellant before this court relies upon the two bonds, although, as before stated, it does not appear that he ever objected to the court's ruling in dismissing the appeal.

We are at some loss to determine whether the second bond was furnished to supply the place of the first bond, or to complete the devolutive appeal independently of the first bond.

This court, in a case somewhat similar, said that if the first bond had been a suspensive appeal bond and the second a correct and formal devolutive appeal bond in conformity with an alternative order of appeal, one suspensive and the other devolutive, the last bond would have been sufficient to maintain the appeal. But as there was nothing of the kind, the appeal was dismissed. Barrow v. Clack, 45 La. Ann. 482, 12 South. 631.

The second bond filed under the circumstances was a judicial admission which supported the judgment of dismissal on the ground of insolvency. It is too late in the case now to urge at this time that the first bond was a sufficient bond. This is in direct contradiction to the position taken by the appellant on this appeal.

It is true that a devolutive appeal may be taken after a suspensive appeal has been dismissed, but it must appear that it was a devolutive appeal, and that it was granted in conformity with an order of appeal regularly issued. Absolutely a devolutive appeal cannot be taken from an order of appeal which the court has dismissed.

For reasons assigned, it is ordered, adjudged, and decreed that the appeal be dismissed at appellant's costs.