Moncure, J.
after stating the case, proceeded:
The first objection taken to the judgment of the County court is, that the proceeding, having been commenced before the Code took effect, should' have been concluded under the law which was then in force, and should not thereafter have conformed, as it did, to the provisions of the Code.
I think the case comes within the -exception contained in the Code, ch. 216, § 2, p. 800, and that the proceedings had therein after the Code took effect properly conformed to its provisions. The only difference between the act of February 12, 1814, 1 Rev. Code 455, under which, this case was commenced, and the Code, ch. 134, p. 556, under which it was concluded, seems to be in the mode and form of proceeding. Each provides a summary remedy 'for the samé wrong, to wit, a forcible or unlawful entry, .or an unlawful detainer. The same evidence which was necessary to sustain the remedy under the old law is necessary to sustain it under the new; except in this, that under the new law the complaint is general, of an' unlawful withholding from the plaintiff the premises in question; and may be sustained by evidence of such unlawful withholding, whether the possession was acquired by the defendant forcibly, unlawfully, or lawfully and peaceably; whereas, under the old law, *469 the complaint was several, of a forcible, or an unlawful entry, or an unlawful detainer; and the subsequent proceedings and the evidence, conformed to the of the particular complaint. • In all cases, however, whether under the old law or the new, to sustain the complaint it is necessary for the jury in effect to find that at the date of the complaint the defendant unlawfully withheld the possession from the plaintiff, and that he did not so withhold it for three years before. Such was the effect of a special finding for the plaintiff in the form prescribed by the old law, and such is the effect of a general finding for the plaintiff under the new. The complaint under the new law is, “that the defendant is in possession,” and as it is said, “unlawfully withholds from the plaintiff the premises in question.” The defendant either pleads or makes default; and, in the former case, his plea is “not guilty.” Whether he pleads or makes default, a jury is impanneled to try “whether he unlawfully withholds the premises in controversy.” If it appear that the plaintiff was forcibly or unlawfully turned out of possession, or that it was unlawfully detained from him, unless it also appear that the defendant has held or detained the possession for three years before the date ■ of the summons, the verdict shall be for the plaintiff, &c. But it is said that the complaint in this case was in the form prescribed by the old law, that the defendant unlawfully turned the plaintiff out of possession; and did not charge, as the complaint under the new law does, that the defendant, at the date or exhibition of the complaint, was in possession and unlawfully withheld from the plaintiff the premises in question; and it is therefore contended that the issue on the plea of not guilty did not involve these facts, and that they were not found by the jury in their verdict for the plaintiff. I think these facts were, in effect, involved in the issue - and found by the jury. The complaint *470 not only charged that the defendant unlawfully turned plaintiff out of possession, but prayed restitution the possession; which implied that, the defendant withheld the possession from the plaintiff. The jury was impanneled to try whether the defendant unlawfully withheld the premises in controversy, which was in effect the issue on the plea of not guilty. The verdict of the jury was for the plaintiff, and “that he recover from the defendant the possession of the premises in the complaint and warrant mentioned.” The only effect which the form of the complaint could have had upon the case was to require proof that the possession of the defendant was acquired by an unlawful entry. This objection was' not made by the defendant in the County court. On the contrary, if it was erroneous to conform the proceedings which occurred in the case after the Code took effect, to the provisions thereof, he committed the first error by pleading “ not guilty.”
Before I leave this branch of the subject, it'may be proper to say, by way of explanation, that I do not consider a separate complaint to be now necessary, but the only complaint which the present law seems to contemplate, is embodied in the summons.
The other objections taken to the judgment of the County court are to the admission of the deed mentioned in the first bill of exceptions as evidence to the jury; and to the giving and refusing instructions, as mentioned in the second bill of exceptions.
This case seems to have been treated, both in the County and Circuit courts, as an action of ejectment, instead of an action of unlawful entry; and to that cause the supposed errors which have arisen in the case are justly attributable.
There is a material difference between an action of ejectment and an action of forcible or unlawful entry. The title or right of possession .is always in *471 volved in the trial of an action of ejectment. The plaintiff cannot recover without showing that he is entitled to the possession; and the defendant, out having any right to the possession himself, may generally prevent a recovery by the plaintiff, by showing an outstanding right of possession in another. The remedy for a forcible or unlawful entry was designed to protect the actual possession, whether rightful or wrongful, against unlawful invasion, and to afford summary redress and restitution. The entry of the owner is unlawful if forcible, and the entry of any other person is unlawful, whether forcible or not. If the defendant enters unlawfully, the plaintiff is entitled to recover, without any regard to the question of his right of possession. His actual possession, of itself, gives him a right of possession against any person not having a right of entry. That the land belongs to the commonwealth will make no difference. There can, it is true, be no adversary possession against the commonwealth. But a person may be in actual possession of the land of the commonwealth, and will be entitled to all the remedies which the law provides for the protection of the actual possession against tortfeasors. Any possession is a legal possession against a wrongdoer. Graham v. Peat, 1 East 244; Harker v. Berkbeck, 3 Bur. 1556. Proof of an actual and exclusive possession by the plaintiff, even if it be by wrong, is sufficient to support the action of trespass against a mere stranger or wrongdoer, who has neither title to the possession himself nor authority from the legal owner. 2 Greenl. Ev. § 618. In a case reported in 4 Leon. 184, and Godb. 133, it appears that Anderson, C. J. said, “ If one intrude upon the possession of the king, and another man enteretk upon him, he shall not have an action of trespass for that entry; for that he who is to have and maintain trespass ought to. have a possession. But in such case he hath not a *472 possession, for every intruder shall answer to the king ^01' his whole time, and every intrusion supposeth the to be in the king.” But it was decided in ^ie subsequent case of Johnson v. Barret, Aleyn’s R. io, that an intruder upon the king’s possession might have an action of trespass against a stranger. And the same principle is stated in 7 Com. 'Dig. Trespass, b. 2, p. 510, marg. 493, where the case reported by Aleyn is referred to, but not the previous case reported by Deon. and Grodb. The weight of authority seems therefore to be in favor of the principle as laid down in Com. See also Cutts v. Spring, 15 Mass. R. 135; and Inhab. Barnstable v. Thacker, 3 Metc. R. 239.
If a person in possession of public land may maintain trespass against a stranger, a fortiori he may maintain* forcible or unlawful entry against him. Forcible entry may be maintained where trespass cannot ; as for instance, against the owner of the land; who may defend himself against an action of trespass by the plea of liberum tenementum. Hyatt v. Wood, 4 John. R. 950. The owner of the land, having a right of entry, will not commit a trespass by entering, though with force, unless he also commit a breach of the peace. The law will not give damages against him in an action of trespass quare clausum fregit, but will compel him to restore the possession in an action of forcible entry. That the defendant, .in an action of forcible entry, cannot defend himself by showing that the land in controversy is a part of the public domain, has been decided in Alabama, Cunningham v. Green, 3 Alab. R. 127, and in Tennessee, Pettyjohn v. Akers, 6 Yerg. R. 448; and I am not aware that the contrary has been decided any where. I can see no reason for a different rule in regard to public and private lands. There is the same reason for the protection of the .actual possession against unlawful invasion in both cases. The plaintiff in the action is not suing for *473 damages, but to have the possession restored to him; and when he shows that he has been turned out of possession forcibly, or by one having no right to do so, he has made out his right to restitution, which cannot be defeated by any evidence in regard to the title or right of possession. The judgment has only the effect of placing the parties in statu quo. It settles nothing, even between them, in regard to the title or right of possession: it being declared by law that “Ho such judgment shall bar any action of trespass or ejectment between the same parties, nor shall any such verdict be conclusive, in any such future action, of the facts therein found.” Code, p. 557, § 4.
But what is the nature of the possession to which this summary remedy applies? It is certainly not confined to a possession by actual occupancy or enclosure. I think it applies to any possession which is sufficient to sustain an action of trespass. Title draws after it possession of property not in the adverse possession of another. Actual possession of part of a tract of land under a bona Jifle claim and color of title to the whole, is possession of the whole, or so much thereof as is not in the adverse possession of others. This is the general principle, and it applies to the remedy in question. It has been decided in Kentucky that actual residence on one part of a tract, claiming the whole, is a possession of the unenclosed part, within the meaning of the act against forcible entries. Vanhorne v. Tilley, 1 Monr. R. 50. If this be a sound principle of law, as I doubt not it is, it applies to the land of the commonwealth as against persons not lawfully claiming under her. See Cunningham v. Green, 3 Alab. 127. Of course her rights cannot be affected by any kind of possession of her land.
Applying these principles to this case, there can be no doubt of the plaintiff’s right to recover, if the facts were according to the respective pretensions of the. *474 parties. The plaintiff being in the actual possession a Par^ °f a large tract of land, claiming the whole a deed conveying it to him by metes and bounds, anq continued in such possession for more than fifteen years, paying taxes on the whole tract, and which during all that time was charged to him on the books of the commissioner, the defendant, within three years before the institution of the suit, entered and took possession of a part of the land not in the actual occupancy of the plaintiff, claiming it under an entry and survey made for the purpose of obtaining a patent, upon the ground not that it was waste and unappropriated land, but that it was part of a' large tract of land which had become vested in the president and directors of the Literary fund, under the act of 1814, 2 Eev. Code, p. 550, § 30. We have seen that possession of part of a tract of land, under claim and color of title to the whole, is possession of the whole, and that this principle applies to the land of the commonwealth as against persons not lawfully claiming under her. The defendant claims under her, but not lawfully ; the land not being waste and unappropriated, and therefore not liable to entry, survey and patent, even though the title be vested in the president and directors of the Literary fund. It is unnecessary to enquire what would have been the relative rights of the parties if the defendant had obtained a patent for the land in controversy before the institution of this suit. The land not being patentable, he was a mere trespasser in making the entry and survey, and is bound to restore the possession to the plaintiff from whom it was unlawfully taken.
The case, then, on its merits, • seems clearly to be with the plaintiff, who is entitled to have the judgment of the County court in his favor affirmed, unless there be some error in the rulings of that court, which requires its reversal. The case, as before observed, *475 was treated in that court, as well as the Circuit court, as an action of ejectment, and the questions raised and decided were appropriate to that rather than an of unlawful entry. Still I think there are no errors in the judgment of the County court to the prejudice of the defendant.
Those questions arise on the two bills of exceptions taken in the case. That arising on the first is as to the admissibility of the deed. There can be no doubt about the admissibility of the deed as evidence, if the facts stated in the second bill of exceptions be referred to; as they clearly show that the deed was admissible as color of title, and for the purpose of showing the metes and bounds of the tract claimed by the plaintiff under the deed, and of part of which he took actual possession. The general rule certainly is, that facts stated in one bill- of exceptions cannot be noticed by an appellate court in considering another. 1 Rob. Pr. 347. There may be exceptions to this rule where the reasons on which it rests do not apply. Perkins’ adm’r v. Hawkins’ adm’x, 9 Gratt. 649. The second bill of exceptions showing that the deed was clearly admissible, and that no additional evidence could have rendered it inadmissible, it would seem to be vain to reverse the judgment for the supposed error in admitting it before other evidence was offered which rendered it admissible. But without deciding whether this is an exception to the general rule before mentioned, and without looking to the facts stated in the second bill of exceptions, I think the deed was admissible evidence. It is a link, and it seems to me a necessary link, in the chain of the plaintiff’s evidence. One of the questions necessarily involved in the case is, whether the plaintiff was in possession of the land when the wrong complained of by him was committed? A man can rarely be in the actual occupancy .of every foot of his land. His possession of part of *476 it is generally constructive, and results from Ms actual occupancy of another part, under claim and color of to the whole. The deed under which he enters ail(j c]ajms jg then a necessary part of Ms evidence to show the metes and bounds of his possession. It cannot therefore be said, when he offers the deed in evidence, that it is irrelevant and inadmissible. If no evidence be offered to support the deed, and prove that possession was taken under it of the land thereby conveyed, or some part thereof, the plaintiff’s chain of evidence may be incomplete, and may be objected to on that ground, but not on the ground that the deed was not a proper link in the chain. The deed being a proper link in the chain of evidence, it will be presumed in favor of the judgment that the other necessary links were supplied before, at the time, or after the deed was offered. Flannagan v. Grimmet, 10 Gratt. 421. Specific objections were made to it, which, if well founded, affected its validity as a transfer of title; but whether well founded-or not, left it still admissible evidence of the metes and bounds of the land in controversy, and of the extent of the plaintiff’s possession. The motion was not to exclude the deed only as evidence of a valid transfer of title, but to exclude it altogether; and was therefore properly overruled, if the deed was admissible for any purpose.
The questions arising on the second bill of exceptions are, as to the instructions refused and given by the court. I think the four instructions moved for by the defendant were properly refused by the court. The first was properly refused, because even if the deed conferred no title, it did not follow that the jury should find for the defendant. The plaintiff, even if he had no title, had a right to recover if he was unlawfully dispossessed by the defendant within three years before the institution of the suit. The second was pro *477 perly refused, because, notwithstanding the facts supposed in that instruction, the deed gave color of title to the plaintiff; and whether it did or not, he had a right to recover, if he was unlawfully dispossessed by the defendant as aforesaid. The third was properly refused, because the land in controversy not being waste and unappropriated, and therefore not liable to entry, survey and patent, the defendant’s entry was unlawful, and the plaintiff was entitled to recover possession in this suit, notwithstanding the defendant may have entered and surveyed the land in 1850, and returned a plat and certificate thereof into the land office more than six months before the trial of the suit. The fourth was properly refused, for the same reasons Which made it proper to refuse the first and second. I do not admit, however, that it was necessary to state in the survey on which the plaintiff’s deed was founded, whether or not any improvements were included on the land, nor that in the absence of such a statement, evidence dehors the proceedings would be admissible to show the existence of such improvements. On that subject I express no opinion, it being unnecessary to do .so.
I am also of opinion, that there is no error in the instruction which was given by the court; at least none to the prejudice of the defendant. This instruction, like the rest, regarded the case as an action of ejectment, and is wholly inappropriate to an action of unlawful entry. Whether the proposition therein asserted would be correct or not in an action of ejectment, it does not seem to be untrue, though irrelevant and unnecessary, in an action of unlawful entry. If, as we have seen, the plaintiff would be entitled to recover in this action on the facts supposed in the instruction, without regard to the length of his possession, a fortiori he would be so entitled if he continued to hold possession more than seven years before the defendant’s entry.
*478 In regard to all the questions arising upon the two bills of exceptions in this case, I refer to what is said by Judge Lee in Kincheloe v. Tracewells, 11 Gratt. 587, 608-9, which seems to be as applicable to this case as that. I also refer to the opinion of Judge Daniel in Tappscott v. Cobbs, 11 Gratt. 172, as having a material bearing upon some of the questions arising in this case, even in their application to an action of ejectment.
I am for reversing the judgment of the Circuit court and affirming that of the County court.
Samuels and Lee, Js. concurred in the opinion of Moncure, J.
Allen, P. and Daniel, J. dissented.
Judgment of the Circuit court reversed; and that of the County court affirmed.