## CHARLESTOWN.

### DUFF v. GOOD.

Submitted June 25, 1884—Decided October 1, 1884.

1. Actual possession of a part of a tract of land under a *bona fide* claim and color of title to the whole, is such possession of the whole, or so much thereof as is not in the adverse possession of others, as will entitle a party in the actual possession of such part to recover in an action of unlawful detainer the possession of the residue against a wrong-doer who enters on such residue without having the legal right to do so. But the owner of such residue or those authorized by him may lawfully enter upon such residue without force and hold the same. (p. 685.)

2. A paper purporting to be a copy of a will executed in, and certified by the officers of, another State which has been spread upon a will-book of the county court of one of the counties of this State with a certificate of the clerk of such county court that it has

been duly admitted to record, but it appears upon the face of
said record that said certificate has been erased : HELD :

In the absence of any explanation, that said copy is not a re-
corded paper and cannot be used as evidence.   (p. 688.)

The facts of the case are stated in the opinion of the Court.

*H. C. Flesher* and *J. H. Riley* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE :

This is an action of unlawful detainer brought February
18, 1877, by John H. Duff and W. S. Duff against Alexan-
der Good and others before a justice of Jackson county to
recover the possession of a tract of two hundred and seventy
acres of land lying in said county.   Before trial the case was
removed to the county court and afterwards by operation of
law it was transferred to the circuit court of said county.
At the November term, 1881, the case was tried by a jury
and a verdict found for the plaintiffs, but on the motion of
the defendants judgment was suspended.   At the March
term, 1882, the defendants moved the court to set aside the
verdict and grant them a new trial, which motion the court
overruled and the defendants excepted, and judgment was
entered for the plaintiffs.   The defendants by writ of error
brought the case before this Court.

During the trial the defendants took three several bills of
exceptions to the action of the court, from the first of which
it appears that the plaintiffs read in evidence to the jury a
grant from the commonwealth of Virginia to Daniel F.
Duff for two hundred and seventy acres of land dated Janu-
ary 1, 1861, from which they derive their title, and offered
evidence tending to prove that they and those under whom
they claim were at the time this action was commenced and
had been for several years prior thereto in the actual posses-
sion of a part of said land and exercised acts of ownership
upon the entire tract; that a few acres of it was cleared and
under fence and the residue was an uncultivated forest; that
said tract covered the land in controversy and that the de-
fendants were in possession of a part of same at the time this

action was commenced but had not been in such possession for three years.

The defendants read in evidence to the jury a deed from Alex. McWhorter Bruen to Frances D. Bruen and others, dated May 16, 1850, for a large tract of land which it was admitted covered the land in controversy, and offered evidence tending to prove that by authority of those claiming under said deed they entered upon an unimproved and unoccupied portion of said two hundred and seventy acres of land peaceably and without force. They also proved that the plaintiffs had never had the said two hundred and seventy acres of land entered on the land-books of Jackson county for taxes and that it never had been charged with taxes at any time since the grant issued in 1861. And thereupon the defendants moved the court to instruct the jury as follows:

"The jury are instructed that if they believe from the evidence that the defendants, or any one of them, entered upon the land in controversy, claiming title under the Bruens, or authorized by said Bruens to enter thereon, and that such entry under the Bruens was made by said defendants, or any one of them, peaceably or without force, that then said defendants may lawfully enter thereon and hold the same, if the jury believe that Bruens had title thereto, and it is not necessary for Bruens to connect themselves with the commonwealth or State in order to show such title in this action."

Which instruction the court refused to give without modification, but instructed the jury in the following language:

"The jury are instructed that if they believe from the evidence that said defendants, or any one or more of them, entered upon the land in controversy, claiming title under the Bruens, or authorized by said Bruens to enter thereon, and that such entry under the Bruens was made by said defendants, or any one or more of them, peaceably or without force, that then said defendants may lawfully enter thereon and hold the same, provided the plaintiffs were not already in the actual possession of the land or some part at the time the defendants so entered, and if the jury believe the Bruens had title thereto, it is not necessary for the Bruens

to connect themselves with the commonwealth or State in order to show such title in this action."

The court, on motion of the plaintiffs, further instructed the jury "that the statutory period of three years governs in the trial of this action as to the statute of limitations."

To all which opinions of the court in refusing the first mentioned instruction and in giving to the jury the two last mentioned instructions, the defendants, by their counsel excepted.

The remedy by unlawful detainer is a summary proceeding designed to protect the actual possession, whether rightful or wrongful, against unlawful invasion and afford speedy restitution. The entry of the legal owner is unlawful if forcible, and the entry of any other person is unlawful whether forcible or not. When there is an unlawful entry in either case, the plaintiff is entitled to recover, without regard to his right of possession. His actual possession, of itself, gives him a right of possession against any person not having a right of entry. In such case it is immaterial to whom the right to the possession belongs. Even if the land belongs to the State, the person in the actual possession will be entitled to all the remedies which the law provides for the protection of the actual possession against tortfeasors. Any possession is a legal possession against a wrong-doer. And if a person in possession of public land may recover from a stranger who ousts him without legal right, *a fortiori*, he may recover against him for an unlawful entry upon land not vested in the State but belonging to some third party. But while this is true as against a tortfeasor it is not true as against the owner who has the right to the possession. The owner or he who has the right to the possession, if he acquires the possession peaceably and without force, will not be compelled by this action to restore the possession to an actual occupant who has no right to the possession—*Olinger* v. *Shepherd*, 12 Gratt. 462.

The possession to which this summary remedy applies is not confined to the *pedis positio* or actual enclosure of the occupant. It applies to any possession which is sufficient to sustain an action of trespass. The title draws to it the possession of the land not in the adverse possession of another.

Actual possession of a part of a tract of land under a *bona fide* claim and color of title to the whole tract, is possession of the whole, or so much thereof as is not in the actual adverse possession of others. This is the general rule in actions of tresspass and ejectment. And it has been held by this Court in an action of unlawful entry and detainer that, where a party is in the actual possession of a part under a *bona fide* claim and color of title to the whole, he has a sufficient possession of the residue of the tract to entitle him to recover possession thereof against a wrong-doer who enters upon such residue and who has not the right of entry thereon. But the owner of such residue, or those authorized under him, may lawfully enter upon such residue without force and hold the same—*Moore* v. *Douglass*, 14 W. Va. 708.

In the case at bar it was a question for the jury to say whether from the evidence the plaintiffs or the defendants had the title or right to the possession of the land in controversy, or that neither of them had such title or right to the possession. But, if the right to possession was shown in neither, the plaintiffs being first in possession could not be evicted by the defendants without right. The evidence tended to prove that the title of the plaintiffs had become forfeited to the State for non-entry and there was no evidence of title in the defendants. The latter, it seems, claimed title under a deed, but they failed to connect themselves with any legal title or show an adverse possession for a sufficient time to confer title upon them. There are but two modes of acquiring title to land in this State that I know of in cases of this character; *first*, where there has been no actual possession, title can only be acquired through a grant from the commonwealth; and *second*, by *actual* possession for the statutory period. The evidence offered by the defendants then being plainly insufficient for the jury to find that they had either title or right to the possession, the first instruction which they requested the court to give to the jury was abstract and misleading. It submitted to the jury to say, whether the Bruens, under whom they claimed, had title to the land in controversy, when, as we have seen, they offered no evidence which could possibly warrant an affirmative finding of that fact. It was also erroneous in so

far as it states that "it was not necessary for the Bruens to connect themselves with the commonwealth or State in order to show such title in this action;" for the reason that having failed to offer evidence upon which the jury could predicate a title by actual occupancy, they could have no title unless they had connected their title with a grant from the commonwealth.    The court, therefore, did not err in refusing to give said instruction.

The next instruction which was given in lieu, or as a modification, of the one refused was erroneous in the particulars pointed out in the first instruction, but these errors being to the prejudice of the plaintiffs and not to the defendants, the plaintiffs in error, the latter cannot complain of them in this Court.    The ground, however, on which the plaintiffs in error insist that said instruction is to their prejudice is, the insertion therein of the words, "provided the plaintiffs were not already in the actual possession of the land or some part at the time the defendants entered."    This proviso under the law, as hereinbefore stated, was proper in view of the evidence in this case.    The plaintiffs being in the actual possession of a part of the land claiming the whole under a deed were, therefore, in possession of the whole as against any person not showing that he was legally entitled to the possession.    This proviso could only be considered erroneous upon the supposition that the defendants had offered evidence tending to prove facts from which the jury would have been justified in finding that they were legally entitled to the possession.    This, as we have seen, the defendants failed to do. They were wrong-doers and could not, therefore, by entering peaceably upon the land protect themselves against the action of the plaintiffs, who were in legal contemplation in possession of the whole tract, by alleging that the plaintiffs had no title to the land.    When the plaintiffs showed that they were in the possession of a part of the land with a *bona fide* claim and color of title to the whole and that they had been turned out of the possession of any part of the tract by those having no right in themselves, they had made out their right to restitution which could not be defeated by any evidence in regard to the title or right of possession—*Olinger* v. *Shepherd*, 12 Gratt. 462.

There was, consequently, no error to the prejudice of the plaintiffs in error in said last mentioned instruction, but there was error in the court instructing the jury, as it did, "that the statutory period of *three* years governs in the trial of this action as to the statute of limitations." This action was commenced before a justice under the provisions of chapter 50 of the Code and by the express terms of section 211 of said chapter the right to bring this action is limited to *two* years after the cause of action accrues. If the plaintiffs could not have recovered before the justice by reason of the fact that the entry of the defendants had been more than two years before they commenced their action, they could not recover for the same reason after the case had been transferred to the circuit court. For, if the justice had not jurisdiction to render judgment for the plaintiffs the removal of the same action to the court would not confer jurisdiction to render such judgment—*Altizer* v. *Hays, supra.* This error was plainly to the prejudice of the plaintiffs in error, because although they may have had no right to enter upon the land, yet if they did in fact enter upon it, the plaintiffs could not evict them in this form of action brought before a justice after their possession had continued beyond two years.

The second bill of exceptions is to the refusal of the court to permit the defendants to read in evidence to the jury from the will-book of the county court of Jackson county, a paper copied therein purporting to be a copy of the will of Mathias Bruens, deceased, which appears to have been recorded in the prerogative court of the State of New Jersey and certified by the register of said court and the Governor of said State. The ground upon which the court refused to permit said paper to be read was that it appeared on its face that the certificate of the clerk of the county court of Jackson county, certifying its admission to record in that county, had been erased by ink lines drawn through each word and line thereof. There was no evidence to explain the cause or purpose of this erasure; and in the absence of such explanation, even if it was susceptible of any explanation by proof for that purpose, I think the court did not err in refusing to permit said paper to be read. Without the certificate of the clerk, that said copy had been duly admitted to record, the fact that it

was spread upon the record-book could be considered simply as the work of a spoliator and could not be regarded as legal or valid for any purpose—*Herring* v. *Lee*, 22 W. Va. 661.

The third and last bill of exceptions is merely formal. It being simply an exception to the action of the court for refusing to set aside the verdict on account of the errors hereinbefore considered, and therefore requires no further notice.

For the error aforesaid, the judgment of the circuit court must be reversed with costs to the plaintiffs in error and a new trial awarded.

REVERSED.  REMANDED.