## CHARLESTON.

### CURTIS v. MEADOWS.

Submitted September 21, 1915. Decided October 26, 1915.

1. FORCIBLE ENTRY AND DETAINER—*Right of Action—Person Forcibly Ejected.*

    One in actual possession of land, although without lawful right

thereto, who has been forcibly ejected, may recover in an action of forcible entry and detainer even against the true owner. (p. 23).

2. SAME—*Right of Action—Possession Before Ejection.*
His possession, however, must have been actual and substantial, not a mere scrambling to obtain possession, which may amount to nothing more than a trespass. (p. 24).

3. SAME—*Rights of Owner—Expulsion of Intruder.*
The rightful owner of land, entitled to the possession thereof, may expel a mere intruder who is seeking to gain possession; provided he use no more force than is necessary. (p. 24).

4. ADVERSE POSSESSION—*Extent of Possession—Color of Title.*
Actual possession of a part of a tract of land, under color of title to the whole, is possession of the entire tract as against any other claimant not in actual adverse possession, or not having the better title. (p. 24).

5. FORCIBLE ENTRY AND DETAINER—*Right of Action—Person Forcibly Ejected.*
Such possession entitles a person, forcibly ejected from any portion of the land embraced within the bounds of his colorable title, to recover in an action of forcible entry and detainer against the party ousting him. (p. 24).

Error to Circuit Court, Raleigh County.

Action by Milton Curtis against Thomas Meadows. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*A. P. Farley* and *C. M. Ward,* for plaintiff in error.

*McGinnis & Hatcher,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff brought this action of unlawful entry and detainer to recover possession of a tract of land described in the summons by metes and bounds. The court sustained defendant's motion to exclude plaintiff's evidence, directed a verdict for defendant and entered judgment thereon; and plaintiff brings error.

The principal point urged by his counsel in support of the alleged error in excluding his evidence and directing a verdict is, that it was proven by the uncontradicted testimony of plaintiff's witnesses that defendant, by force and arms, ousted

him, and that, therefore, plaintiff was entitled to recover, not-withstanding he may not have had lawful right to the possession. And *Fisher* v. *Harmon,* 67 W. Va. 619, is relied on. That case holds that where defendant's entry is forcible it is unlawful, regardless of the question of right. That is a correct principle, and it will sustain plaintiff's contention if applicable to the facts in his case. The law does not permit even the rightful owner, who is lawfully entitled to the possession, to obtain it by force against a person in the actual possession. Possession forcibly obtained is unlawful posses-sion, and entitles the person thus ousted to recover in an action of unlawful detainer. *Olinger* v. *Shepherd,* 12 Grat. 462; and *Duff* v. *Good,* 24 W. Va. 682. But the principle does not apply to a mere trespass, or to acts committed upon the land in a mere attempt to gain possession.

Plaintiff proved that his son W. A. Curtis and Sullivan Farley hacked the brush off a small piece of ground, and had commenced to build a house on it, but, before they had laid the foundation, defendant came upon them, armed with a shotgun, drew it on them and ordered them off, threatening to shoot them if they refused to go, and, fearing his threats would be executed, they went off. This unquestionably proves a forcible expulsion of plaintiff's employes. But, did plaintiff have actual possession, or did the acts of his agents amount to a mere trespass? A mere trespasser can not maintain the action, even though he may have been forcibly expelled from the premises. 19 Cyc. 1132, and cases cited in Note 95. ''A mere scrambling possession—the possession of a momentary trespasser or intruder—as distinguished from a complete possession which has ripened into a peaceable occupancy, is insufficient.'' 13 A. & E. E. L. 750, and numerous cases cited in Note 6. One in lawful possession of land has a right to expel a mere trespasser, provided he uses no more force than is reasonably necessary. *State* v. *Flanagan,* decided at the present term.

So far as the evidence discloses no one was actually occupy-ing the land where plaintiff commenced to build his house. That part of the tract was wild and uncultivated land. But a party in actual possession of some portion of a tract of land, holding under color of title, has possession to the extent of

his bounds, in the absence of actual occupancy by another, or better title in some other claimant; and such possession would entitle a plaintiff to recover in an action of unlawful entry, against a party who has forcibly ejected him. *Duff* v. *Good,* 24 W. Va. 682; and *Moore* v. *Douglass,* 14 W. Va. 708.

Plaintiff claims, mediately, under a deed made by S. W. Farley to J. A. Campbell, May 31, 1899, conveying a tract of about 150 acres of land, including, according to his evidence, the land on which he attempted to build. J. A. Campbell and wife, by two deeds, each conveying an undivided half interest in the land, dated respectively, 29th of June, 1909, and 25th of January, 1911, conveyed the land to plaintiff. He proved continuous occupancy of a portion of the tract, by S. W. Farley, who was first a lessee of Campbell and, later, plaintiff's lessee, extending from 1899 down to 1911. His evidence proves that Farley built a house on the land, and cleared two or three acres, which was continuously occupied and cultivated during that period, a period of more than ten years. The house and clearing, however, were not apparently on the land claimed by defendant, but were about 200 poles north of the place where plaintiff undertook to build a house, which is at a point just over the line of defendant's land, according to the map made by the surveyor and used as evidence in the case. The deed from Farley to Campbell excepts from its operation a portion of the tract, described by metes and bounds and containing 30 acres. Plaintiff's testimony locates the exception, and proves that the improvements made and occupied by Farley, as tenant of Campbell and himself, is not within the exception, but is on the land which Campbell conveyed to plaintiff.

Defendant did not offer to prove his title, or the nature of his possession, if he had any, of the land in controversy, but risked his case upon the weakness of plaintiff's evidence. Plaintiff's proof would have sustained a verdict in his favor, and the case should have gone to the jury. Actual and continuous occupancy, for a period of ten years, of some portion of a tract of land, under color of title to the whole, is proof of good title and is possession of the whole of the tract, in the absence of proof of adverse possession, or of a better title carrying with it the constructive possession.

The court erred in striking out plaintiff's evidence and directing a verdict for defendant, and in overruling plaintiff's motion for a new trial. The judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*