# IRON MOUNTAIN AND HELENA RAILROAD *v.* JOHNSON.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Argued December 10, 1886. — Decided January 10, 1887.

There is nothing in the nature of the possession of a railroad, or of a section of a railroad, which takes it out of the operation of the language of the Statutes of Arkansas against forcible entry and detainer, or out of the general principle which lies at the foundation of all suits of forcible entry and detainer, that the law will not sanction or support a possession acquired by violence, but will, when appealed to in this form of action, compel the party who thus gains possession to surrender it to the party whom he dispossessed, without inquiring which party owns the property or has the legal right to the possession.

This was an action of forcible entry and detainer. The case is stated in the opinion of the court.

*Mr. Walter H. Smith* for plaintiffs in error. *Mr. John F. Dillon* also filed a brief for them.

*Mr. Attorney General* for defendant in error. *Mr. J. C. Tappan* and *Mr. John J. Hornor* were with him on the brief.

Mr. Justice Miller delivered the opinion of the court.

This is a writ of error to the District Court of the United States for the Eastern District of Arkansas.

The suit was commenced by an action of forcible entry and detainer brought by Johnson, the present defendant in error, against the Iron Mountain and Helena Railroad Company, and the St. Louis, Iron Mountain and Southern Railway Company was in the progress of the case made a defendant on its own petition. The action was to recover possession of eighteen miles of a railroad which Johnson had built for the defendant, and from which he had been ejected by force and violence by the Iron Mountain and Helena Railroad Company. On the trial before a jury Johnson recovered a verdict on which a judgment was entered for restitution to the possession of the road. To reverse this judgment the present writ of error is brought.

Although there is some controversy about the validity and effect of the contract under which Johnson constructed and held possession of this eighteen miles of road, part of a larger road of the defendant, the main facts on which his right to recover depend are simple and not much controverted. Whatever may be the truth about the validity and construction of the contract under which he built the road for the company, it is fully established that, after he had built it, and before they had paid him for it, he was in possession of it, using it by running his own locomotives over it, and that while thus in peaceable possession and claiming a right to hold it until he was paid for building it, he was by force and violence turned out of this possession by the railroad company, its officers and agents.

The statute of Arkansas relating to forcible entries and detainers is to be found in Chap. LXVII, Mansfield's Digest, [1884] as follows:

"Sec. 3346. No person shall enter into or upon any lands, tenements, or other possessions, and detain or hold the same, but where an entry is given by law, and then only in a peaceable manner.

"Sec. 3347.. If any person shall enter into or upon any lands, tenements, or other possessions, and detain or hold the same with force and strong hand, or with weapons, or breaking open the doors and windows or other parts of the house, whether any person be in or not; or by threatening to kill, maim, or beat the party in possession.; ... or by entering peaceably and then turning out by force, or frightening by threats or other circumstances of terror the party to yield possession; in such case every person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this act."

"Sec. 3368. Nothing herein contained shall be construed to prevent any party from proceeding under this act by filing his complaint and causing an ordinary summons to be issued without filing the affidavit or giving the obligation hereinbefore required, and in all cases, when the judgment shall be for the plaintiff, the court shall award him a writ of restitution to carry such judgment into execution."

The main objection relied upon by plaintiff in error to the recovery of the plaintiff below is that a railroad is not real estate, nor such an interest in real estate that it can be recovered by actions applicable to that class of property. It is argued that a railroad is a complex kind of incorporeal hereditament, the possession of which is not authorized to be changed by an action of forcible entry and detainer. We do not think this objection would be a good one if in the state of Arkansas that action were left as it was at common law. The statute of that state, however, which we have just quoted materially enlarges the extent and operation of this action. The language of both §§ 3346 and 3347 makes it applicable to "lands, tenements, or other possessions," and declares that "if any person shall enter into or upon any lands, tenements, or other possessions, and detain or hold them with force and the strong hand, or with weapons, . . . or frightening by threats or other circumstances of terror the party to yield possession, in such case every person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this act."

We do not see any reason in the nature of the possession of

a section of a railroad which takes it out of the language of this statute, or out of the general principle which lies at the foundation of all suits of forcible entry and detainer. The general purpose of these statutes is, that, not regarding the actual condition of the title to the property, where any person is in the peaceable and quiet possession of it, he shall not be turned out by the strong hand, by force, by violence, or by terror. The party so using force and acquiring possession may have the superior title or may have the better right to the present possession, but the policy of the law in this class of cases is to prevent disturbances of the public peace, to forbid any person righting himself in a case of that kind by his own hand and by violence, and to require that the party who has in this manner obtained possession shall restore it to the party from whom it has been so obtained; and then, when the parties are in *statu quo,* or in the same position as they were before the use of violence, the party out of possession must resort to legal means to obtain his possession, as he should have done in the first instance. This is the philosophy which lies at the foundation of all these actions of forcible entry and detainer, which are declared not to have relation to the condition of the title, or to the absolute right of possession, but to compelling the party out of possession, who desires to recover it of a person in the peaceable possession, to respect and resort to the law alone to obtain what he claims.

It occurs to us that this principle is as fully applicable to the possession of a railroad, or a part of a railroad, as to any other class of landed interests. And in fact, that, of all owners or claimants of real estate, large corporations, with vast bodies of employés and servants ready to execute their orders, are the last persons who should be permitted to right themselves by force. The language of the presiding judge in his charge to the jury in this case meets our entire approval, and we quote from it as follows:

"The law will not sanction or support a possession acquired by such means, but will, on the contrary, when appealed to in this form of action, compel the party who thus gains possession to surrender it to the party whom he dispossessed, without

inquiring which party owns the property or has the legal right to the possession. If the law was otherwise, force, the exhibition and use of deadly weapons, and threats of personal violence, would speedily take the place of lawful and peaceful methods of gaining possession of property. The law compels a defendant, found guilty of a forcible entry and detainer, to restore the possession. After he has restored the possession so forcibly and wrongfully acquired, he can then proceed in a lawful manner to assert his claim to the property; but he cannot have his legal rights to the property, or its possession, adjudged or determined in the action of forcible entry and detainer, when, by his own admission or the proof in the case, he is shown to be guilty of a forcible entry and detainer. If, therefore, you find that the plaintiff built the eighteen miles of road in controversy, and had been in the quiet and peaceable possession of the same from the time of its completion, claiming the right to such possession under the contract, and that, while so in the quiet and peaceable possession of the road, Bailey, the president of the defendant corporation, with a force of men acting in the name and on behalf of the defendant corporation, by force and strong hand, or with weapons, or by threatening to kill, maim or beat, or by such words and actions as have a natural tendency to excite fear or apprehension of danger, drove the plaintiff's agents or employés out of his cars and off the road with the declared purpose of retaining the possession of the same, then the defendant corporation is guilty of a forcible entry and detainer within the meaning of the statutes of this state, and the plaintiff is entitled to your verdict."

In this view of the case nearly all the questions raised by counsel for plaintiff in error, in regard to the contract under which Johnson built this eighteen miles of road, and held possession of it, and his right to hold possession, are immaterial. The jury must have found, under this charge, that he was in the peaceable and quiet possession of the property, and was ejected from it by the force and violence and wrong doing of the Iron Mountain and Helena Railroad Company. They

Opinion of the Court.

were not bound to inquire any further, nor are we bound to answer other questions.

The judgment of the District Court is

*Affirmed.*