# Moye *v.* Thurber.

### *Forcible Entry and Detainer.*

#### (Decided April 12, 1906.　40 So. Rep. 823.)

1. *Forcible Entry and Detainer; Appeal; Questions Involved.*—Forcible entry and detainer, brought in the justice court, involves no question of title or right of possession, but on an appeal to the circuit or city court, prosecuted under Sections 2147-2148, Code 1896, it becomes a suit in statutory ejectment, unless the case falls within the exceptions mentioned in Sec. 2149, Code 1896; and in that event, such action retains its original character and is governed by the rules of law applicable to forcible entry and detainer.

2. *Same; Scope of Action; Easements.*—One excluded from the use and enjoyment of an easement or servitude may not be let into its use or occupation through an action of forcible entry and detainer.

APPEAL from Mobile Circuit Court.

Heard before Hon. WILLIAM S. ANDERSON.

This was an action of forcible entry and detainer, instituted before a justice of the peace. It was removed to the circuit court by the defendant, under the authority of §§ 2147, 2149 of the civil code of 1896. Upon the trial in the circuit court the presiding judge excluded the plaintiff's evidence, which resulted in a non-suit, with a bill of exceptions. The plaintiff sued to recover possession of a described parcel of land 20 feet wide and 100 feet long, of which it was alleged she was in possession, and upon which, pending such possession and before the commencement of the suit, it was averred the defendant forcibly entered and then unlawfully detained. The complaint contained no averment showing that the strip was an alleyway, on that plaintiff had only an easement therein, or that any other person was in the joint possession or enjoyed a joint use of the land described. The evidence consisted of an agreement of the parties, and, as it is brief, it is quoted from the bill of exceptions: "Plaintiff's attorney, in presenting the case to the court and jury, stated that plaintiff expected to prove that she was in possession of the property sued

[Moye v. Thurber.]

for and that defendant by force entered and dispossessed her, and, if pertinent to the issue raised, that the property described in the complaint was an alleyway and she did not claim the exclusve ownership thereof. It was then agreed by the parties that the plaintiff's proof would tend to show that there were three property owners that now have or claim the right to the alley, although there were only two; they being plaintiff and defendant. It was further agreed that plaintiff based her right of recovery solely on the claim that the property was an alleyway; that plaintiff was in possession of the property sued for, using it as an alleyway; and that defendant by force obstructed her use thereof by fencing it up and keeps her out. It was agreed that the foregoing statements and agreement might be treated as evidence, so that the defendant might at once raise the question of plaintiff's right to recover. And thereupon the court, on defendant's motion, ruled that the plaintiff had no right to recover and ruled out the evidence adduced. Plaintiff thereupon excepted to the ruling of the court, and because of such ruling took a nonsuit, with a bill of exceptions."

GAILLARD & MAHORNER, for appellant.—It is agreed that the defendant by force obstructed plaintiff's use of an alley by fencing up and keeping plaintiff out. The fact that the property in question was an alley way, does not modify the rule applicable in all cases where force is used, and this form of action is expressly designed to prevent forcible invasion of one's actual possession and to avoid occasion for act of violence in defending it.— *Knowles v. Ogletree*, 96 Ala. 555; *Farley v. Bay Shell Road Co.*, 125 Ala. 184; *Fearn v. Beirn*, 129 Ala. 435; § 4129, code 1896.

ERVIN & McALEER, for appellee.—On the facts in this case, the plaintiff cannot maintain her action of forcible entry and detainer. The easement must be exclusive to permit a recovery in ejectment.—*T. & C. Ry. Co. v. East Ala. Ry. Co.*, 35 Ala. 526; *Farley v. Bay Shore Road*, 125 Ala. 196.

WEAKLEY, C. J.—In an action of forcible entry and detainer, before a justice of the peace, neither the question of title, nor of the right of entry or of possession, is involved in the issue; the gist of the action being the entry and detainer by force and violence, and the ousting from a peaceable possession contrary to law.—*Knowles v. Ogletree*, 96 Ala. 555, 12 South. 397. When the suit is removed from the justice court to the circuit court, this action or one of unlawful entry and detainer is converted into statutory ejectment, and a plaintiff must recover on the strength of his legal title, "unless he can prove that the defendant, or those under whom he claims, entered on said lands under some contract or agreement between plaintiff, or those under whom he claimed, or by the use of force."—Code 1896, § 2149. It appearing that the plaintiff was excluded from the use of the alleyway by force, the case remained in the circuit court as an action of forcible entry and detainer, and must be governed by the rules of law that are applicable to that action, just as if it had not been removed. The real question, then, is whether the plaintiff has shown possession of the strip sued for in such form and manner as to support this action; the legal title not being involved. The solution of this question must depend upon the interpretation to be given to the extract from the bill of exceptions, which constitutes the evidence in the case. Does it appear that the plaintiff had merely an easement in the strip sued for, a right of way over it without exclusive dominion, or was she in possession of the strip as would entitle her to maintain the action against one forcibly excluding her therefrom, although the defendant might have or claim a right to use the strip as an alleyway?

The statements in the bill of exceptions must be construed in connection with each other. Although it is first asserted that plaintiff "was in possession of the property sued for," this is followed by the admission that the property described was "an alleyway and she did not claim the exclusive ownership thereof," it being likewise admitted that the defendant had or claimed a right to the alley; and it was further agreed that plaintiff "based her right of recovery solely on the claim that the property was an alleyway, that plaintiff was in pos-

[Moye v. Thurber.]

session of the property, using it as an alleyway, and that defendant by force obstructed her use thereof by fencing it up and keeps her out." We therefore conclude that the word "possession" must be construed in the light of other statements made in connection with its use, and that, so construed, it was not employed in its technical sense, nor in the sense in which it is employed in our decisions, when stating the scope and purpose of this class of actions. In our opinion, the record makes the case of a suit by the claimant of an easement merely against one who forcibly excluded her from its enjoyment. The inquiry, therefore, arises whether the law authorizes the action of forcible entry and detainer to redress the wrong which the evidence, for the purpose of the trial, established to have been committed. It is our conclusion, upon principle and authority, that the action may not be maintained. The use of force is not the determining factor. The pivotal point is whether the plaintiff had that possession of the land sued for which is essential to recovery. A private way is regarded as an interest in land of an incorporeal character. "The way owner is not by reason of his ownership entitled to the possession or the right of possession of the tenement subject to the way, but is merely entitled to the reasonable use and enjoyment of the servient soil for the purpose of passage over its surface and to all rights that are properly incident to the free enjoyment and exercise of the right of passage."—23 Am. & Eng. Ency. L. (2d Ed.) p. 25. "A person in the mere use and enjoyment of a way or easement, without more, has no such possession as will entitle him to maintain an action of forcible entry and detainer."—13 Am. & Eng. Ency. L. (2d Ed.) p. 748, note, citing *Nelson v. Nelson*, 30 Mo. App. 184; *Lachman v. Barnett*, 16 Nev. 154; *Roberts v. Trujillo*, 3 N. M. 50, 1 Pac. 855. In the case last cited it is said: "An action of ejectment or forcible entry or detainer does not lie to enforce such a right.—*Child v. Chappell*, 9 N. Y. 246. It is incorporeal, and, of course, could not be delivered by the sheriff. An action on the case may be sustained for its obstruction (*Allen v. Ormand*, 8 East, 4), or equity may be invoked to restrain interference, but no relief can be granted in the present form of action."

The Alabama cases clearly settle the right to injunctive relief in equity against encroachments upon easements or servitude, although an action for damages at law will also lie.—*Lide v. Handley*, 36 Ala. 627, 76 Am. Dec. 338; *Coleman v. Butt*, 130 Ala. 266, 30 South. 364. While the cases of *Tenn. & Coosa R. R. Co. v. East Ala. Ry. Co.*, 75 Ala. 516, 51 Am. Rep. 475, and *Farley v. Bay Shell Road Co.*, 125 Ala. 184, 27 South. 770, declare that an action of ejectment or forcible entry and detainer will lie by a railroad or tollroad company for the recovery of a right of way and roadbed, because the right and use are exclusive, not to be enjoyed with the public or with other persons, and stand in a different category from the ordinary easements, yet both of those cases recognize the general rule, as herein declared, that neither ejectment or forcible entry and detainer will lie for an easement or by a plaintiff who seeks to be let into the use or occupation of a servitude. An ordinary right of way or of common is given as an illustration of the principle. There is no error in the record.

Affirmed.

Tyson, Simpson, and Anderson, JJ., concur.