PRAKSYDA RZEPECKA, Plaintiff, *v.* MICHAEL URBANOW-
SKI, Defendant.

(Supreme Court, Erie Equity Term, December, 1920.)

Adjoining owners — establishing title — when lot owner cannot
    take forcible possession of a disputed strip of land — deeds —
    injunctions — ejectment — Code Civ. Pro. § 968.

> A lot owner, except by virtue of a judgment in a proper
> action establishing his title, cannot take forcible possession of a
> disputed strip of land claimed by an adjoining lot owner.

> Where in an action between adjoining lot owners on a city
> block to determine the title to a strip of land to which plaintiff
> claims title by adverse possession, it appears that the prop-
> erties of both parties are about two feet off the line as given
> in their respective deeds, a permanent injunction will be
> granted restraining the defendant from moving a building onto
> the disputed strip after he had torn down the division line
> fence.

> The remedy of the defendant is an action of ejectment in
> which, under section 968 of the Code of Civil Procedure, he,
> as plaintiff, would have the right to have the issues framed
> tried by a jury.

ACTION to establish title to real property.

Henry W. Brush, for plaintiff.

E. D. Vincent, for defendant.

WHEELER, J.   The parties to this action own adjoin-
ing lots fronting on Detroit street in the city of Buf-
falo.   It would appear from the testimony of sur-
veyors that the properties of practically all the lot
owners in the block in question as actually occupied
by them, do not correspond to the record descriptions
contained in their deeds, but are about two feet off
their true line.   This seems to be the case with the

plaintiff's lot.   Nevertheless, the plaintiff contends that she and her grantors have occupied the premises in question under claim of title for upwards of twenty years, and have thereby acquired title by adverse possession.

There has stood on the line purporting to divide the properties of the plaintiff and defendant, a fence. Shortly prior to the commencement of this action the evidence shows the defendant tore this division fence down, and started to move a building upon the disputed strip.   Whereupon the plaintiff procured a preliminary injunction against the defendant so doing, and on this trial asks for a permanent injunction restraining such threatened action on the part of the defendant.

We think the plaintiff entitled to the judgment asked.

Section 2233 of the Code of Civil Procedure provides: " An entry shall not be made into real property, but in a case where entry is given by law; and, in such a case, only in a peaceable manner, not with strong hand, nor with multitude of people.  A person who makes a forcible entry forbidden by this section, or who, having peaceably entered upon real property, holds the possession thereof by force, and his assigns, undertenants, and legal representatives, may be removed therefrom, as prescribed in this title.''

This statute the defendant threatened to violate, and to take the law into his own hands by forcibly seizing possession of the disputed strip.

If the plaintiff disputed the defendant's rights, and that she did, the defendant's remedy was to appeal to the courts by an action of ejectment where the legal rights of the parties may be determined by law. The plaintiff in such an action has the right to have

the issues framed tried by a jury. Code Civ. Pro.
§ 968.

The defendant ought not to be permitted in advance to
become judge, jury and sheriff in his own case. As was
said by Mr. Justice Miller in the case of *Iron Moun-
tain, etc., Rd.* v. *Johnson,* 119 U. S. 608, 611: " The
general purpose of these statutes is, that, not regard-
ing the actual condition of the title to the property,
where any person is in the peaceable and quiet posses-
sion of it, he shall not be turned out by the strong
hand, by force, by violence, or by terror. The party
so using force and acquiring possession may have the
superior title or may have the better right to the
present possession, but the policy of the law in this
class of cases is to prevent disturbances of the public
peace, *to forbid any person righting himself in a case
of that kind by his own hand and by violence,* and to
require that the party who has in this manner obtained
possession shall restore it to the party from whom it
has been so obtained; and then, when the parties are
in *statu quo,* or in the same position as they were
before the use of the violence, the party out of pos-
sion must resort to legal means to obtain his posses-
sion, as he should have done in the first instance. This
is the philosophy which lies at the foundation of all
these actions of forcible entry and detainer, which are
declared not to have relation to the condition of the
title, or to the absolute right of possession, but to
compelling the party out of possession, who desires
to recover it of a person in the peaceable possession,
to respect and resort to the law alone to obtain what
he claims."

We do not in this case undertake to determine which
of the parties to this action has the superior title to
the disputed strip. That is not the question in pro-
ceedings for forcible entry and detainer. In such

PEOPLE *v.* ZITTEL.  **33**

Misc.]   Court of Gen. Sessions, N. Y. County, December, 1920.

cases the plaintiff must succeed even though the defendant can show superior title or right of possession. *Kelly* v. *Sheehy,* 60 How. Pr. 439; *Town of Oyster Bay* v. *Jacob,* 109 App. Div. 615.

We simply decide that the defendant cannot without the judgment of the court in a proper action establishing his title take forcible possession of the disputed strip of land, and that the plaintiff is entitled to the judgment of this court restraining such acts on the defendant's part.

Judgment accordingly, with costs to plaintiff.