## CHARLESTON.

WALTER H. LEWIS *v.* WELCH WHOLESALE FLOUR & FEED CO.,
*et al.*

Submitted February 28, 1922.   Decided March 7, 1922.

1. LANDLORD AND TENANT—*Lease Recognizing Occupancy of Part of Premises by Tenant and Providing for Subsequent Surrender Held Not to Exclude Such Part from Lease.*

   A stipulation in a lease in terms demising certain buildings, which, recognizing the occupancy of part of one of them

by a tenant of the lessor, without indication of the character of the tenancy of the occupant, assumes subsequent vacation and surrender of possession by him, says no definite time is fixed for such vacation and surrender and provides for an agreed abatement of the rent reserved on the entire property, until such vacation and surrender shall occur, does not except the occupied part of the property from the operation of the lease, in favor of the occupant, nor reserve it to the lessor, except for a period of time, reasonable in view the situation and purposes of the parties to the lease and the circumstances surrounding them at the date of execution thereof.   (p. 474).

2. SAME—*Stipulation in Lease Reserving Part of Building Then Occupied by Tenant for Reasonable Time, Demises Whole Premises, Subject to a Burden in Favor of the Occupant.*

Such stipulation does not make the instrument, as to the occupied part of the building, a mere contract for a lease. The entire property is demised, subject to a burden or incumbrance in favor of the occupant, consisting of right to retain possession of the occupied part thereof, for such reasonable period of time.   (p. 474).

3. SAME—*Lease Creating Burden in Favor Occupant by Sufferance Held to Terminate Occupant's Right After Expiration of Reasonable Time for Surrendering Premises.*

The occupant in whose favor such burden is created is *prima facie* a tenant at will or by sufferance of the lessor, in the absence of disclosure of right of a higher nature in him, and such tenancy is terminated by the execution of the lease, notice thereof to him and expiration of such reasonable period of time.   (p. 476).

4. SAME—*Lessee May Maintain Action Against Occupant of Premises After Reasonable Time for Surrender and Notice.*

After expiration of such period and demand for possession, the lessee may invoke and maintain, against such occupant, the statutory remedy known as unlawful detainer, for recovery of the possession of the part of the property so withheld.   (p. 477).

Error to Circuit Court, McDowell County.

Action by Walter H. Lewis against the Welch Wholesale Flour & Feed Company and others. Directed verdict for the defendants, and the plaintiff brings error.

*Reversed and remanded.*

*Strother, Sale, Curd & Tucker,* for plaintiff in error.

*Litz & Harman* and *G. W. Howard,* for defendants in error.

POFFENBARGER, PRESIDENT:

The judgment under review on this writ of error was rendered upon a directed verdict in favor of the defendant, in an action of unlawful detainer in which the issues involved are right to possession of one floor of a certain building and damages for detention thereof.

The defendant, a corporation, was in possession of that floor at the date of the lease made to the plaintiff, as tenant of the lessor, under some sort of an agreement the nature of which is not disclosed by the evidence, and the lease recognized such possession and contained a stipulation respecting it. Failure of the lessor to put that tenant out and admit the plaintiff to possession is the occasion of this action.

C. D. Brewster, having two brick buildings on two adjoining lots, one a two-story building in course of construction and not completed, and the other a completed one-story building, one floor of the latter being then occupied by the Welch Wholesale Flour and Feed Company, a corporation in which he was a stockholder, entered into a lease with the plaintiff, February, 25, 1920, by which he demised and let both buildings to him, for a term of ten years, commencing April 1, 1920, with the privilege of renewal for a further and like term, upon certain conditions. An annual rental of $7,500.00, payable in monthly installments, was provided for in the lease, with a proportionate right of abatement of rent for uncompleted portions of the two-story building.

As to the occupied floor of the one-story building, the parties agreed as follows, by a clause inserted in the lease: ''The Lessors agree with the Lessee that the Lessee shall be entitled to a reduction of One hundred ($100.00) dollars per month from the said monthly rental until such a time as the said lessors or their tenants shall vacate from the first floor of the said one story brick building, and deliver possession of the said one story brick building to the Lessee, it being understood and agreed that the Lessors or their tenants are now in

possession of the first floor of the said brick building and no definite time is fixed for the Lessors to vacate and surrender possession of said one story brick building, but it being further understood and agreed that the basement under said one story brick building is now and will be available to said Lessee for use and occupancy.''

Under the lease, the plaintiff took possession of all of the premises except the floor in question, and, after having verbally demanded possession of that floor, served a written notice upon the defendant, February 10, 1921, requiring vacation of it and relinquishment of the possession thereof, on or before March 31, 1921. Compliance with that requirement having been refused, the summons in this action was issued, June 16, 1921, and executed, June 30, 1921.

On the trial, the lease and written notice were put in evidence and supplemented by the oral testimony of the plaintiff, proving verbal demands for possession, both before and after service of the written notice, and also the amount of his damages. Thereupon the defendant tendered a statement of agreed facts, showing the interest of the lessor, directly and indirectly, in the defendant corporation, at the date of execution of the lease, and disposal thereof before institution of this action; and also offered the testimony of a witness, tending to prove verbal negotiations between the parties to the lease, resulting in the stipulation above quoted. Both the statement and the evidence of that witness were rejected by the court.

The court's direction of a verdict for the defendant, by the giving of a peremptory instruction to find for it, seems to have been based upon the theory of non-expiration of its term or tenancy, or lack of right of possession in the plaintiff, and not upon a defect as to parties or informality of any kind in the procedure. That the plaintiff's lease includes the entire building is incontrovertible, unless the stipulation referred to partially nullifies the 'express demise thereof made in the granting clause of the instrument. The two clauses read together are perfectly consistent, however, and the latter did not except any property included in the former. It impliedly said the occupied floor should be vacated and possession thereof delivered to the lessee and provided for an abatement

of rent, until the vacation and surrender should occur. If the granting clause did not expressly demise the entire building, there would be strength in the contention that, as to the floor in question, the lease amounted to no more than a contract for a demise thereof; but it was expressly demised and was not afterward excepted by the stipulation relied upon. On the contrary, as has been observed, the stipulation carries an implication, or rather an express assumption, that the occupied part of the building would be vacated in favor of the lessee. Hence, it is manifest, that the lease granted the plaintiff a term of ten years in the entire building, commencing April 1, 1920, subject to an incumbrance or burden thereon, occasioned by the occupancy of a part of it, for an apparently indefinite time, by the lessors or their tenant, with a reciprocal right of abatement from the rent; provided no inconsistent term or right was reserved to the lessors or excepted in favor of their tenant.

As to that, nothing was agreed, except that the lessors or their tenants were then in possession and that no definite time had been fixed for vacation and surrender. This agreement fails to disclose such reservation or exception, and also continues and repeats the assumption of future vacation and surrender of possession. It merely recognized the existing occupancy and stipulated that no definite time for termination thereof was fixed by it. As to the right of the occupant, if a tenant of the lessors, it is either silent or admits that the tenant had no definite term. As the tenant, if any, was not a party to the lease, nor bound by its provisions, no doubt the stipulation ought to be construed as reserving no definite right of possession in the lessors and as representing that their tenant had none. However this may be, it is obvious that no term for months or years is reserved to the lessors or excepted in favor of a third party, by any provision of the lease.

The evident purpose of the stipulation relied upon was an allowance of a reasonable period of time, after April 1, 1920, for convenient transfer of the business of the defendant, from the building to some other location, during which the rent should be abated in an agreed amount. It must be allowed

some effect and operation, if it may operate consistently with the other terms and provisions of the instrument. Having found one function for it, agreeable to its own terms and consistent with the expressed objects and purposes of the parties, nothing in the rules of interpretation requires allowance to it of any further scope or effect. *White* v. *Bailey,* 65 W. Va. 573. Functions neither expressed nor necessarily implied should not be added.

As the defendant set up no title in itself and relied solely upon this stipulation of the lease, which, except as aforesaid, reserved none to its landlord and admitted none in it, and more than a year after April 1, 1920, had elapsed at the date of the institution of this action, a manifestly reasonable period, the court should have given the peremptory instruction requested by the plaintiff and refused the one it gave at the instance of the defendant, if the plaintiff had right of action against the occupying tenant, to recover the possession.

Lack of disclosure of any right on the part of the defendant, except a possession rightful in its inception, made it *prima facie* a tenant at will or by sufferance of the lessors, at the date of the execution of the lease to the plaintiff. The lessors held the legal title to the property and the defendant was in possession under them. Nothing further appeared then or has since been disclosed. Holding a lease of the property from the owner, effective after the lapse of a reasonable time from April 1, 1920, the plaintiff had such right respecting possession, as his lessors had at the date of execution thereof. If the occupant was then a mere tenant at will or by sufferance, as it must be deemed to have been, in the absence of disclosure of any better right, the execution of the lease terminated it as of the date on which it became effective. At and from that time, the plaintiff had and has had right of possession superior to that of the defendant, if the execution of the lease terminated the indefinite tenancy of the latter. It did. *Hildreth* v. *Conant,* 12 Metc. (Mass.) 300; *Mizner* v. *Moore,* 10 Gray (Mass.) 290; *Pratt* v. *Farrar,* 10 Allen (Mass.) 519; *Pray* v. *Stebbins,* 141 Mass. 219; *Grundy* v.

*Martin,* 143 Mass. 279; *Cofran* v. *Shephard,* 148 Mass. 582; Underhill, Land. & Ten., Sec. 153; Tiffany, Land. & Ten., p. 1424.

After notice to the tenant at will, of the execution of the lease, expiration of the reasonable time allowed by it and demand for vacation, the plaintiff was entitled also to invoke the remedy he adopted. Our statute giving it is very liberal. Any person against whom possession of land is unlawfuly detained, no matter what his right or title may be, can invoke it. Code, ch. 89, sec. 1. It lies between lessees of the same land, in favor of him who has superior right of possession thereof. *Guffy* v. *Hukill,* 34 W. Va. 49, 61.

Exclusion of evidence offered by the defendant is not complained of. However, no error in it is perceived. The right of the parties depend upon the written contract which cannot be varied by parol evidence, in the absence of disclosure of a tenancy in the defendant superior in right to that of the plaintiff, and the evidence rejected was not such in character as to give any aid in the interpretation thereof, in so far as it may be deemed to be uncertain or indefinite in its terms. The declarations of the parties, as to what they intended by the language they used, are inadmissible. *Snider* v. *Robinett,* 78 W. Va. 88; *Uhl* v. *Ohio River R. Co.,* 51 W. Va. 106.

Being clearly erroneous, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*