424 S.E.2d 753

**John N. RATINO, M.D., Plaintiff Below, Appellant,**

v.

**Charles HART, Donald R. McNemar, and Judith A. McNemar, Defendants Below, Appellees.**

**CENTRAL SUPPLY COMPANY OF WEST VIRGINIA, A West Virginia Corporation**

v.

**John M. RATINO.**

No. 20920.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Dec. 11, 1992.

David J. Romano, Gregory H. Shillace, Law Offices of David J. Romano, Clarksburg, for appellant.

Robert G. Steele, James L. Cole, Steptoe & Johnson, Clarksburg, for appellees Donald R. McNemar and Judith A. McNemar.

PER CURIAM.

John M. Ratino appeals the August 2, 1991 order entered by the Circuit Court of Harrison County granting summary judgment in favor of Donald R. McNemar and his wife, Judith A. McNemar. Mr. Ratino, the appellant, had previously filed a complaint against Mr. and Mrs. McNemar, the appellees,[1] contending that they had committed "unlawful detainer" of a right-of-way claimed by the appellant across the property of appellees in violation of *W. Va. Code*, 55–3–1 [1923].[2] The trial court found that no genuine issue of material fact was presented, and, as a matter of law, the appellees were entitled to judgment in their favor.

The appellant and appellees own adjoining tracts of land in Harrison County. This case arises from a controversy surrounding the granting of a right-of-way by the appellees' predecessors in title to the appellant's predecessor in title in 1906. The 1906 grant was stated as follows:

> The said parties of the first part [the appellees' predecessors in title] grant to the said party of the second part [the appellant's predecessors in title] a right of ingress and egress from the Fairmont turnpike through their land by the same route that is now used to his land. With the understanding that there is to be no sawmilling or lumbering or hauling for oil wells machinery or fixtures for gas wells or anything else outside of regular farm purposes, and the party of the second part is to help keep up road and bridge from the Fairmont turnpike to said land of second party; to be used only as a family right of way with the understanding that hay, straw and coal is to be hauled when the ground is dry enough to not cut ditches in the field or when it is frozen hard enough to not cut in. This will no longer hold good if the second party injures any stock of the first parties.

This grant was specifically included in each conveyance in the appellant's chain of title.

The appellant purchased his property in 1987. The appellees have owned their property since 1979. About the time of the appellant's purchase, he visited the appellees and informed them of the alleged right-of-way and asserted his intent to make use of it. The appellees denied the existence of a right-of-way and prevented the appellant from entering upon their property.

---

1. The complaint was also filed against Charles M. Hart, but Mr. Hart was not a party to the summary judgment issues in this appeal. This case was then consolidated with a civil action styled *Central Supply Co. of West Virginia v. John M. Ratino*, Civil Action No. 88–C–AP–797–

2, in May of 1990. That case also has no relevance to this decision.

2. The appellant also claimed the tort of "outrageous conduct" against the appellees, but dropped that allegation at the summary judgment proceeding.

After the appellees' refusal of access to the alleged right-of-way, the appellant wrote and informed the appellees that, unless he was allowed usage of the alleged right-of-way, he would construct an alternate route to his property, by-passing the appellees' property. He demanded permission to use the alleged right-of-way "within twenty-four hours," and asserted that failure to allow usage of the alleged right-of-way would force him to "institute measures to recover damages."[3] Thereafter, in May of 1989, the appellant filed the complaint in this action in the Circuit Court of Harrison County.

In April of 1991, the appellees filed their motion for summary judgment pursuant to Rule 56 of the *W.Va.R.Civ.P.* In their complaint, the appellees argued that the appellant's assertion of "unlawful detainer" was inappropriate because: (1) it should have been brought in magistrate court pursuant to *W.Va.Code*, 50-2-1 [1985],[4] and (2) that "unlawful detainer" actions are only brought in landlord/tenant disputes.

The appellees also argued that, as a matter of law, no right-of-way existed upon their property. They contended that the deed granting the right-of-way is unambiguous and clearly granted only a right of personal use in the original grantee and his family.

The summary judgment motion was orally argued before the trial court on June 24, 1991. After hearing argument from counsel for both the appellant and appellees, the trial court granted the appellees' motion for summary judgment. The trial court stated: "I think that no reasonable construction [of the 1906 deed granting the right of way] could be construed of that language [in the 1906 deed to mean that

the right-of-way was to pass with the land] and as a matter of law no right of way exists. Also on the grounds of the unlawful detainer is inappropriate [I am ruling against the appellant] and I am granting the [appellees'] motion for summary judgement." This appeal followed.

Upon appeal to this Court, the appellant contends that the trial court erred in ruling that, as a matter of law, the 1906 deed did not create a right-of-way. The appellant also asserts that an action for "unlawful detainer" may be brought under *W.Va. Code*, 55-3-1 [1923] when *any* interest in property is detained. On their behalf, the appellees contend that an action for "unlawful detainer" under *W.Va.Code*, 55-3-1 [1923] may not be brought when the property right involved is a right-of-way.

I

The trial court ruled, as a matter of law, that no right-of-way exists in favor of the appellant.[5] Because we find that this deed, on its face, lacks ambiguity and clearly does not confer more than a mere personal right-of-way upon the original grantee, we agree with the conclusion of the trial court.

We have stated in the syllabus of *Mays v. Hogue*, 163 W.Va. 746, 260 S.E.2d 291 (1979) that:

'If an easement granted be in its nature an appropriate and useful adjunct of the dominant estate conveyed, having in view the intention of the grantee as to the use of such estate, and there is nothing to show that the parties intended it as a mere personal right, it will be held to be an easement appurtenant to the dominant estate.' Syl. pt. 1, *Jones v. Island Creek Coal Company*, 79 W.Va. 532, 91 S.E. 391 (1917).

---

**3.** The appellant's property was accessible from other routes apparently less convenient than the one provided for by the alleged right-of-way.

**4.** This assertion was not argued before this Court, nor was it addressed by the trial court. Therefore, we decline to address it as well. *W.Va.Code*, 50-2-1 was revised and amended in 1992.

**5.** This ruling was made orally at the summary judgment proceeding of June, 1991. In its August 1, 1991, written order granting summary judgment, the trial court gave no reasons for its order, stating simply: "The Court GRANTS [the appellees'] motion for summary judgment since the Court is of the opinion that there is no genuine issue as to any material fact and that those defendants are entitled to judgment as a matter of law."

However, we have also stated in syllabus point 2 of *Post v. Bailey,* 110 W.Va. 504, 159 S.E. 524 (1931) that: "Whether an easement is appurtenant or in gross is to be determined by the intent of the parties as gathered from the language employed, considered in the light of surrounding circumstances."

In this case the language of the deed granting the right-of-way is clear and requires no interpretation. The deed unequivocally states that it is "to be used only as a family right of way[.]" Mr. Ratino is clearly not a member of the family of the grantee of the 1906 deed. Nor does he so assert.

*Black's Law Dictionary* 510 (6th ed. 1990) defines an "easement in gross" as follows:

An easement in gross is not appurtenant to any estate in land or does not belong to any person by virtue of ownership of estate in other land but is mere personal interest in or right to use land of another; it is purely personal and usually ends with death of grantee.

(citation omitted). *See also Holland v. Flanagan,* 139 W.Va. 884, 81 S.E.2d 908 (1954). Because, on its face, the right-of-way granted in the 1906 deed was clearly an easement in gross, and did not attach to the land, the trial court did not err in holding that, as a matter of law, no right-of-way existed for the benefit of the appellant. However, as the following discussion reveals, even if the right granted by the 1906 deed had been appurtenant, and attached to the land, the appellant's action for unlawful detainer would not lie.

## II

The appellant sought to determine the existence of the right-of-way on the basis that the appellees unlawfully detained the alleged right-of-way in violation of *W.Va. Code,* 55–3–1 [1923]. *W.Va.Code,* 55–3–1 [1923] states, in pertinent part:

If any forcible or unlawful entry be made upon any land, building, structure, or any part thereof, or if, when the entry is lawful or peaceable, the tenant shall detain the possession of any land, build-ing, structure, or any part thereof after his right has expired, without the consent of him who is entitled to the possession, the party so turned out of possession, no matter what right or title he had thereto, or the party against whom such possession is unlawfully detained, may, within three years after such forcible or unlawful entry, or such unlawful detainer, sue out of the clerk's office of the circuit court, or of any court of record empowered to try common-law actions, of the county in which the land, building, structure, or some part thereof may be[.]

The trial court specifically ruled that an action for unlawful detainer was "inappropriate" in this case.

The appellant asserts that the words "no matter what right or title he had thereto" in reference to the "party so turned out of possession," (in *W.Va.Code,* 55–3–1 [1923]) extend to his alleged right-of-way. To the contrary, the appellees assert that an "unlawful detainer" action may not be brought by one who claims a right-of-way, and argue that such an action may properly be brought only by one asserting a possessory right or title.

In *Feder v. Hager,* 64 W.Va. 452, 454, 63 S.E. 285, 286 (1908), we described an action for unlawful detainer as follows: "True it is that this action relates only to possession, and determines only the right to possession. It does not settle or adjudicate title." We have also stated the following in *Duff v. Good,* 24 W.Va. 682 (1884): "The remedy by unlawful detainer is a summary proceeding designed to protect the actual possession, whether rightful or wrongful, against unlawful invasion and afford speedy restitution." 24 W.Va. at 685. We went on to state that:

The owner or he who has the right to the possession, if he acquires the possession peaceably and without force, will not be compelled by this action to restore the possession to an actual occupant who has no right to the possession—*Olinger v. Shepherd,* 12 Gratt. 462. The possession to which this summary remedy applies is

not confined to the *pedis positio*[6] or actual enclosure of the occupant. It applies to any possession which is sufficient to sustain an action of trespass.[7]

*Id.* at 685.

■ We have gone so far as to state that an action for unlawful detainer is determinative *only* of a party's right to possession of disputed property. As we stated in *Wiles v. Walker*, 88 W.Va. 147, 150, 106 S.E. 423, 424 (1921):

> The action of forcible entry and detainer is *solely possessory* in nature. By it the one instituting the proceedings seeks merely to regain possession of land which he claims another is wrongfully withholding from him. The action does not permit or sanction a binding investigation or finding as to the true title or ownership of the property in dispute.

(emphasis added). And in syllabus point 4 of *Wiles* we held that: "In such action [for forcible entry and detainer] the plaintiff carries the burden of proof, and cannot prevail, unless, by a preponderance of the evidence, he shows a possessory right superior to that of the defendant." Clearly, syllabus point 4 of *Wiles* contemplates that one must present a *superior possessory* *right* to prevail in an action for unlawful detainer of property.[8]

■ Although we have not specifically addressed this issue, our case law is consistent with holdings in other jurisdictions where it has been held that an action for unlawful detainer may not be brought by one who claims only a right-of-way on the property in question. The Supreme Court of New Mexico has held that even where a plaintiff alleges he is entitled to a right-of-way over property:

> An action of ejectment or forcible entry and detainer does not lie to enforce such a right. *Child v. Chappell*, 9 N.Y. 246. It is incorporeal, and, of course, could not be delivered by the sheriff. An action on case may be sustained for its obstruction, (*Allen v. Ormond*, 8 East, 4,) or equity may be invoked to restrain interference, but no relief can be granted on the present form of action.

3 N.M. 87, 1 P. 855, 856 (1884). And in 1906, the Supreme Court of Alabama noted the general rule that "neither ejectment nor forcible entry and detainer will lie for an easement or by a plaintiff who seeks to be let into the use or occupation of a servitude. An ordinary right of way or of common is given as an illustration of the principle." *Moye v. Thurber*, 146 Ala. 180, 40

---

**6.** *Black's Law Dictionary* (6th ed. 1990) defines *pedis positio* as follows: "In the civil and old English law, a putting or placing of the foot. A term used to denote the possession of lands by actual corporal entry upon them." *Id.* at 1132.

**7.** In this regard, it should be noted that an action for trespass is defined by *W.Va.Code*, 61-3B–1(8) (1978) as: " 'Trespass' under this article is the willful unauthorized entry upon, in or under the property of another[.]" Clearly, in this case, the appellant could not sustain an action of trespass against the appellees.

**8.** *Black's Law Dictionary* 1163 (6th ed. 1990) defines "possession" as follows:

**Possession.** Having control over a thing with the intent to have and to exercise such control. *Oswald v. Weigel*, 219 Kan. 616, 549 P.2d 568, 569. The detention and control, or the manual or ideal custody, of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who ex-

ercises it in one's place and name. Act or state of possessing. *That condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons.*

(emphasis added). Such a definition denies the inclusion of incorporeal things, such as easements and rights-of-way, from becoming subject to possession.

We also note that *Black's Law Dictionary* 1536 (6th ed. 1990) defines "unlawful detainer" as follows:

**Unlawful detainer.** The unjustifiable retention of the possession of real property by one whose original entry was lawful and of right, but whose right to the possession has terminated and who refuses to quit, as in the case of a tenant holding over after the termination of the lease and in spite of a demand for possession by the landlord. *Brandley v. Lewis*, 97 Utah 217, 92 P.2d 338, 339. Actions of 'unlawful detainer' concern only right of possession of realty, and differ from ejectment in that no ultimate question of title or estate can be determined. *McCracken v. Wright*, 159 Kan. 615, 157 P.2d 814, 817.

So. 822, 824 (1906).[9] *See also Becher v. City of New York,* 102 A.D. 269, 92 N.Y.S. 460 (1905); 35 Am.Jur.2d 897 *Forcible Entry and Detainer* § 9.

In support of his argument in this case, the appellant cites to this Court *Lewis v. Welch Wholesale Flour & Feed Co.,* 90 W.Va. 471, 111 S.E. 158 (1922). In that case we described the unlawful detainer statute of West Virginia as "very liberal." 90 W.Va. at 477, 111 S.E. at 160. However, it is clear that this statement was in reference to a plaintiff's right to possession, for we stated:

> Our statute giving it [an action for unlawful detainer] is very liberal. Any person against whom possession of land is unlawfully detained, no matter what his right or title may be, can invoke it. Code, c. 89, § 1 (sec. 4065). It lies between lessees of the same land, in favor of him who has superior right of possession thereof. *Guffy [Guffey] v. Hukill,* 34 W.Va. 49, 61, 11 S.E. 754, 8 L.R.A. 759, 26 Am.St.Rep. 901.

90 W.Va. at 477, 111 S.E. at 160.

It is abundantly clear from the foregoing that an action for unlawful detainer may not be brought by one claiming a mere nonexclusive right-of-way. As the appellant is in such a position, we find no error in the trial court's conclusion that summary judgment against the appellant was warranted in regard to the action for unlawful detainer because such an action is inappropriate in this case.

III

In syllabus point 4 of *Benson v. Kutsch,* 181 W.Va. 1, 380 S.E.2d 36 (1989), we stated:

> ' "A motion for summary judgment may only be granted where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Syllabus point 2, *Mandolidis v. Elkins Indus., Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978).' Syllabus Point 3, *Thomas v. Raleigh General Hospital,* [178] W.Va. [138], 358 S.E.2d 222 (1987).

In this case it is clear that no right-of-way exists in favor of the appellant. Furthermore, the appellant has complained of unlawful detainer, but has not alleged any facts under which an action for unlawful detainer may lie. Therefore, no genuine issue as to any material fact exists, and the appellees were appropriately granted judgment as a matter of law.

Based upon the foregoing, the August 2, 1991 order of the Circuit Court of Harrison County is affirmed.

Affirmed.

**9.** *Moye* also noted that one may bring an action for unlawful detainer when the use of a right-of-way is exclusive, as in the case of a railroad or toll road. This view is supported in *Iron Mountain, Etc. R.R. Co. v. Johnson,* 119 U.S. 608, 7 S.Ct. 339, 30 L.Ed. 504 (1887). In that case the Supreme Court of the United States expounded on "the general purpose" of forcible entry and detainer statutes:

> The general purpose of these statutes is, that, not regarding the actual condition of the title to the property, where any person is in the peaceable and quiet possession of it, he shall not be turned out by the strong hand, by force, by violence, or by terror. The party so using force and acquiring possession may have the superior title, or may have the better right to the present possession, but the policy of the law in this class of cases is to prevent disturbances of the public peace, to forbid any person righting himself in a case of that kind by his own hand and by violence, and to require that the party who has in this manner obtained possession shall restore it to the party from whom it has been so obtained; and then, when the parties are in *status quo,* or in the same position as they were before the use of violence, the party out of possession must resort to legal means to obtain his possession, as he should have done in the first instance. This is the philosophy which lies at the foundation of all these actions of forcible entry and detainer, which are declared not to have relation to the condition of the title, or to the absolute right of possession, but to compelling the party out of possession, who desires to recover it of a person in the peaceable possession, to respect and resort to the law alone to obtain what he claims.

119 U.S. at 611, 7 S.Ct. at 340, 30 L.Ed. at 505.