**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Joseph E. Hunter,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0617** (Kanawha County 21-C-AP-86)

**Josh Burdette,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Self-represented petitioner Joseph E. Hunter appeals the July 13, 2021, order of the Circuit Court of Kanawha County denying his appeal from the June 9, 2021, order of the Magistrate Court of Kanawha County due to petitioner's failure to file the appeal within twenty days of the entry of the order as required by Rule 18 of the West Virginia Rules of Civil Procedure for Magistrate Courts. In its June 9, 2021, order, the magistrate court dismissed petitioner's civil property dispute due to its lack of jurisdiction over such disputes. Self-represented respondent Josh Burdette filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Based upon a plat of petitioner's real property prepared by licensed professional surveyor Randy Brooks Crace, petitioner claims a right to the property known as 535/537 Valley Grove Road in Kanawha County ("the property"). Respondent disputes petitioner's claim. In 2021, petitioner filed an unlawful detainer action in the Magistrate Court of Kanawha County seeking to oust respondent from possession of the property after respondent received the property from respondent's predecessor(s)-in-interest.[1] In his complaint, petitioner alleged that he filed his

---

[1]Petitioner's complaint stated that Deborah and Larry McCormick sold the property. The record is unclear as to whether the McCormicks sold the property to respondent or his brother, (continued . . .)

1

action against respondent because "I have [a] claim" to the property. Respondent, in his answer to the complaint, alleged that the plat prepared by Mr. Crace supported his claim to the property. By order entered on June 9, 2021, the magistrate court dismissed petitioner's action, finding that it did not have jurisdiction over the parties' property dispute.

Petitioner filed his appeal from the magistrate court's June 9, 2021, order in the Circuit Court of Kanawha County on July 9, 2021, outside the twenty-day appeal limitation provided by Rule 18 of the West Virginia Rules of Civil Procedure for Magistrate Courts. Pursuant to Rule 18,

(a) Any party to a final judgment may as a matter of right appeal to circuit court. Notice of appeal shall be filed in magistrate court:

(1) Within 20 days after judgment is entered; . . . .

. . . .

(c) If no notice is filed within the 20-day period, the circuit court may, not later than 90 days after the date of judgment, grant an appeal upon a showing of good cause why the notice was not filed within such 20-day period.

In its July 13, 2021, order denying petitioner's appeal, the circuit court ruled:

Here, [petitioner] filed the [p]etition for [l]ate [a]ppeal 30 days after the [c]ivil [j]udgment [o]rder. The [p]etition for [l]ate [a]ppeal makes no attempt to offer good cause for why [petitioner] did not file the appeal within 20 days. Instead, [petitioner] uses the [p]etition only to argue the merits his [m]agistrate [c]ourt action. Accordingly, the [c]ourt **FINDS** that [petitioner] has failed to demonstrate good cause regarding this untimely appeal.

Petitioner now appeals the circuit court's July 13, 2021, order denying his appeal from the magistrate court's June 9, 2021, dismissal of his action for a lack of jurisdiction. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 4, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965)).

On appeal, the parties address the merits of their property dispute. Petitioner further argues that he had good cause for not filing his appeal from the magistrate court's order within the twenty-day appeal time provided by Rule 18 because (1) while the magistrate court entered its order on June 9, 2021, a copy of the order did not arrive at petitioner's residence until June 25, 2021; and (2) when the copy of the order arrived, petitioner was outside West Virginia caring for dying

---

Brian Burdette. However, respondent states that petitioner's action was meant to "declare the rights and interest of the parties concerning the Respondents' property at 535/537 Valley Grove Road." (Typographical error not corrected.).

relatives.

We find that, regardless of whether there was good cause for petitioner's non-compliance with Rule 18, we may affirm the circuit court's denial of petitioner's appeal due to the magistrate court's lack of jurisdiction of the parties' property dispute. "Magistrate court[s] shall have jurisdiction of matters involving unlawful entry or detainer of real estate *so long as the title to such real estate is not in dispute.*" *State ex rel. Strickland v. Daniels*, 173 W. Va. 576, 581, 318 S.E.2d 627, 632 (1984) (quoting W. Va. Code § 50-2-1) (Emphasis added.); *Dishman v. Jarrell*, 165 W. Va. 709, 711, 271 S.E.2d 348, 350 (1980) (same). West Virginia Code § 50-2-1 further provides, in pertinent part, that "[m]agistrate courts do not have jurisdiction of actions . . . of matters in which the title to real estate is in issue."

"Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975). Moreover, because the circuit court's appellate jurisdiction is derivative, it may not entertain appeals from cases in which the magistrate court lacked jurisdiction. *Cordell v. Jarrett*, 171 W. Va. 596, 600, 301 S.E.2d 227, 232 (1982) (citing Syl. Pt. 3, *State ex rel. Honaker v. Black*, 91 W. Va. 251, 112 S.E. 497 (1922)) (Footnote omitted.).

Here, the parties dispute ownership of the property, and petitioner argues that he owns the property based upon deeds in his chain of title. However, as we have explained, unlawful detainer actions, of which the magistrate court has jurisdiction, involve only the right of possession to real estate and do not determine the "ultimate question of title." *Ratino v. Hart*, 188 W. Va. 408, 412 n.8, 424 S.E.2d 753, 757 n.8 (1992) (quoting *Black's Law Dictionary* 1536 (6th ed. 1990)); W. Va. Code § 50-2-1. Therefore, we affirm the circuit court's denial of petitioner's appeal pursuant to West Virginia Code § 50-2-1 due to the magistrate court's lack of jurisdiction of the parties' property dispute.

For the foregoing reasons, we affirm the circuit court's July 13, 2021, order denying petitioner's appeal from the magistrate court's June 9, 2021, order dismissing petitioner's action due to a lack of jurisdiction.

Affirmed.

**ISSUED:** May 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3